[Crim. No. 557. Fourth Dist. Nov. 22, 1943.]

THE PEOPLE, Respondent, v. EVERETT HUPP, Appellant.

J. M. Lopes for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced upon defendant after he had been found guilty of assault with a deadly weapon, with one prior conviction of a felony which he admitted.

The sole question for consideration is whether or not the evidence is sufficient to support the verdict and judgment. Defendant argues that he was only guilty of the misdemeanor defined in section 417 of the Penal Code but not of the felony denounced by section 245 of that code.

The defendant argues that the complaining witnesses attempted to enter his home to arrest him without a warrant; that they were trespassers on his property and that he had the lawful right to protect his property with such amount of force, short of homicide, as might have been necessary to prevent the unlawful invasion of his domicile. (*People* v. *Ross,* 19 Cal.App. 469 [126 P. 375]; *People* v. *Hubbard,* 64 Cal.App. 27 [220 P. 315]; 3 Cal.Jur. 210.)

A decision of this question requires a review of the evidence in the case to determine if the complaining witnesses were trespassers on defendant's property.

At all times material here, C. H. Hickman and O. M. Sasseen were police officers of the city of Visalia. On the late afternoon of May 15, 1942, Officer Hickman saw defendant in a tavern in Visalia. Defendant was drunk, quarrelsome and invited the bartender to go outside and fight. Officer Hickman told defendant to go home or he would lock him up.

Later in the evening the two officers were patroling the streets of Visalia in a police car. At about 7:40 o'clock they received a radio call ordering them to go to defendant's house to investigate a disturbance. They were informed that defendant, armed with a shotgun, had chased his son-in-law down the street and had threatened his family.

The two officers went to defendant's house. As Officer

Sasseen reached the top of the steps leading to the porch, defendant appeared in the front doorway with a loaded shotgun in his hands which he pointed at Sasseen, saying, after he found out there was no warrant issued for his arrest, "Don't come any further or I will kill you." Sasseen jumped down from the porch and Hickman quieted defendant and placed him under arrest. The officers had seen defendant's wife crawling under the house with a small child in her arms.

The cause of the radio call to the officers was a report at the police station by defendant's daughter and son-in-law to the effect that defendant had chased his son-in-law down the street, threatening him; that he sent for his shotgun with which he was going to prevent his son-in-law and daughter from reporting the affair to the police.

There is evidence to the effect that before the two officers reached his house defendant had armed himself with his shotgun, had loaded it, stating that he was going to shoot the "cops" and save one shell for his wife.

It seems to be the theory of defendant that as the officers had no warrant for his arrest they were trespassers on his property; that he had the right to repel their invasion by any means short of homicide.

An officer has the right to arrest a person at night without a warrant where there is reasonable cause to believe that he has committed a felony. (Sec. 836, Pen. Code.)

It is a generally accepted rule that where, at night, a peace officer has possession of facts which would cause an ordinarily reasonable and prudent person to entertain an honest and strong suspicion that another had committed a felony, the officer may arrest such person without a warrant. (*People* v. *Kilvington,* 104 Cal. 86 [37 P. 799, 43 Am.St.Rep. 73].) The question of reasonable and probable cause for the belief must be measured by the facts presented to the officer at the time he is required to act. For a detailed discussion of facts sufficient to justify such reasonable belief, see: *People* v. *Kilvington, supra; Michel* v. *Smith,* 188 Cal. 199 [205 P. 113]; *Bate* v. *Jolin,* 206 Cal. 504 [274 P. 971]; *People* v. *Gays,* 54 Cal.App. 460 [202 P. 43]; *Murphy* v. *Murray,* 74 Cal.App. 726 [241 P. 938].

We can entertain no doubt of the sufficiency of the facts made known to the officers to justify their strong sus-

picion that a felony had been committed by defendant. Complaint had been made to their superiors by the daughter and son-in-law of defendant. The facts of this complaint were communicated to them in the regular course by their superior who ordered them to investigate the charges. It became their duty to do so as it is the duty of peace officers not only to make arrests for the commission of crime but to prevent the commission of additional crimes and protect the lives of citizens. Under these instructions they proceeded to defendant's residence, not necessarily to arrest him, but to investigate and act on the results of such investigation. One of the officers walked up the steps to the porch where he was met by defendant, armed with a loaded shotgun, who threatened the officer's life. One officer had seen defendant drunk, quarrelsome, and trying to engage in a fight a short time earlier. They saw defendant's wife crawling under the house with a child in her arms. They had been told by responsible authority that defendant was armed and had threatened his son-in-law. Under such circumstances the officers did nothing but their duty and showed creditable restraint in performing it. The argument that they were trespassers and that defendant could resist the trespass by any means short of homicide is entirely without merit.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.