[Crim. No. 5685. Second Dist., Div. Three. Dec. 3, 1956.]

THE PEOPLE, Appellant, v. PETER JOHN DORE, Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, S. Ernest Roll, District Attorney, Jere J. Sullivan, Fred N. Whichello and Lewis Watnick, Deputy District Attorneys, for Appellant.

Lewis N. Wurtzel and Paul P. Selvin for Respondent.

SHINN, P. J.—Peter John Dore was accused of the possession of marijuana and bound over for trial. He made a motion for dismissal of the information upon the ground the evidence at the preliminary was insufficient to establish probable cause to believe he was guilty of the offense. (Pen. Code, § 995.) The People appeal.

The evidence of possession consisted of marijuana taken by officers from defendant's car, more of the same taken from his person at police headquarters and admissions allegedly made to officers while defendant was held under arrest. Defendant's motion for dismissal was made and granted upon the ground that the search of defendant's car and his arrest were illegal and that the marijuana was improperly received in evidence.

Two police officers, Beauchamp and Ross, were investigating some cars parked in an alley in Glendale. It was approximately 11:30 or 11:45 at night. By ordinance of the City of Glendale it was made unlawful to leave a car unattended or parked in an alley. As the officers were walking southerly about 200 feet from the south intersecting street a car, driven

by defendant, entered the alley at a speed of about 15 miles per hour. The officers stopped in the center of the alley and attempted to stop the car by the use of their flashlight. The headlights of the car were on, the car slowed down, but as it approached the officers its speed was increased to about 30 miles per hour and when it was dangerously close to the officers they jumped aside. The car traveled about 100 feet further to the north where its progress was blocked by another parked vehicle. The officers approached the car and asked defendant and his passenger, Hooker, to step out. The two men were questioned as to why they had attempted to run by or run down the officers. Beauchamp entered the car to check the registration and observed a brown multi-colored handkerchief and a brown paper bag lying on the front seat. He opened the bag and found in it a brownish green weed-like material later identified as marijuana. The two men were placed under arrest and handcuffed. Dore stated at first that he knew the bag was in the car but did not know what it contained. Upon further questioning he admitted he knew what was in it. He stated he was taking it to a friend's house. At police headquarters marijuana cigarettes were taken from Dore's pocket.

The question is whether the evidence disclosed probable cause for committing defendant for trial. There was probable cause if there was evidence which would lead one of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion of the guilt of accused. (*Bompensiero* v. *Superior Court,* 44 Cal.2d 178 [281 P.2d 250].) If the fact that defendant had marijuana in his possession was established by competent and admissible evidence, probable cause was shown. If the evidence was improperly received, as defendant contends, it was because the officers had no right to enter defendant's car. In answering the question whether they acted reasonably in so doing we have only their testimony to consider. They testified they were in uniform, standing in the middle of the alley with the car's headlights upon them, and signaling the driver with their flashlights. The driver slowed down when some distance away but increased his speed to about 30 miles per hour. If the officers had stood their ground they would have been run down. Officer Beauchamp testified: "As the car went by me I got a flashing glimpse of Hooker's leaning forward with his hands either down close to the floor board or up partially underneath the dashboard." It could reasonably be inferred that defendant recognized the officers as such,

realized they were being signaled to stop and endeavored to take flight to avoid being questioned. Defendant may have an entirely different version as to what his actions and intentions were but the officers were justified in acting on appearances and reasonable deductions as to what defendant was endeavoring to do. They were not setting up a general blockade of a highway. They were not engaged in searching vehicles which stopped at their command. They did not enter defendant's car merely because he was driving in an alley late at night, although they had no other reason for directing him to stop for questioning. If defendant had stopped his car the situation would have been quite different. The simple fact that he was driving in an alley would have furnished no reason for searching the car. It was not unreasonable that the officers should have believed that defendant intentionally chased them out of his path, knowing they were officers and were signaling him to stop. And, as it developed, defendant had good reason to avoid questioning and would have left the scene had his path not been blocked by another car. We do not doubt that the actions of defendant, as related, were such as to engender in the minds of the officers a reasonable belief that defendant was probably engaged in some violation of law and that it was their duty to make an investigation. The facts speak for themselves. The factual situations developed in cases of claimed unlawful searches and arrests are of infinite variety but they are all weighed in the same scales. We find no occasion for comparing the weight of the suspicious circumstances in the instant case with those circumstances in the many recent cases in which the reasonableness of a search has been considered. It is sufficient to say that we are of the opinion that there was equal if not more reason for an investigation in the present case than there was in *People v. Martin*, 46 Cal.2d 106 [293 P.2d 52]. It is our conclusion that the search and arrest in the present case were not illegal and that it was error to dismiss the information.

The order is reversed.

Wood (Parker), J., and Vallée, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 27, 1956.