[Crim. No. 3324.   First Dist., Div. Two.   July 31, 1957.]

THE PEOPLE, Respondent, v. FORREST BENJAMIN WRIGHT, Appellant.

George Nye, Public Defender (Alameda), and Robert D. Dunivan, Assistant Public Defender, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Marvin J. Christiansen, Deputy Attorney General, for Respondent.

LERNHART, J. pro tem.*—Defendant was charged by information in three counts, one of receiving stolen goods, one of burglary, and one of possession of morphine. On trial to the court without a jury, a jury having been waived, he was

---

*Assigned by Chairman of Judicial Council.

found guilty of receiving stolen goods and of possession of narcotics, and not guilty of burglary. Defendant appeals. His only contention is that the trial court erred in receiving as evidence articles he claims to have been procured by illegal search and seizure.

Early in the morning of January 27, 1956, a deputy sheriff attached to the Eden Township Station of the Alameda County sheriff's office was notified that the Washington Township Station of the same office had a warrant for appellant's arrest for violation of Vehicle Code, section 332 (driving after refusal, suspension or revocation of license), a misdemeanor. He and his partner were directed to meet a Hayward police officer who told them that appellant was in a Pontiac sedanette parked in the driveway of a specified house. At about 5 o'clock a.m., the deputy drove to the described location and saw a man lying in the front seat of the car. The deputy walked up the driveway, shone his flashlight into the car and saw appellant asleep in the front seat. Without opening the door or entering the car, the deputy turned his light to the rear, and there saw a large quantity of men's clothing on the seat and floor. These articles were placed as though they "had just been thrown back there." They were not wrapped and were folded and bore tags, "as they would appear on the counter of a haberdashery." The officer then opened the door, awakened appellant, and asked him if he were Forrest Wright. Upon receiving an affirmative answer, the officer told him that a warrant had been issued "charging him with 332 of the California Vehicle Code and he was under arrest." The officer then took appellant to the police car, which both entered. The officer's partner started to drive the police car away. It had travelled but a few feet when a Hayward police officer drove up and spoke to the two deputies. The arresting deputy testified "the officer stated that, he says—he stated, 'You know who this fellow is, don't you?' and I said, 'Yes.' He says, 'he is a known burglar.' And I said, 'Yes,' and at that point I decided to go back to the car and get the articles in the car and bring them with me." Leaving the prisoner in the police car with his fellow deputy, the arresting deputy then returned to appellant's car, which had not been out of sight of the deputies, and took from it the articles of men's clothing. Investigation revealed that they had been stolen from the parked car of a salesman earlier the same night. Before opening the car door the first time, he had seen a glove "sticking out" from under the front seat. He

now removed the front seat and took this glove and another from beneath it. A vial containing morphine was found inside one of the gloves. The clothing and the contents of the glove were admitted in evidence over appellant's objection. Neither the arresting deputy nor his partner had possession of the misdemeanor warrant. In fact, it was in another station than that to which these deputies were assigned.

Appellant argues that an arrest pursuant to a misdemeanor warrant is valid only when the arresting officer or one acting with him has custody of the warrant. Thus, he argues, the arrest here made was unauthorized. He then contends that the search of the automobile and the seizure of the articles in it must fall, because such search and seizure were but incidental to the assertedly improper arrest. Upon these premises, he concludes that the articles taken from the car were inadmissible, and that the error in admitting them in evidence requires reversal.

██ We find no California case directly determining whether a warrant issued on a misdemeanor charge must be in the actual or constructive possession of the arresting officer. The weight of authority in other jurisdictions seems to require such possession. However, we deem it unnecessary to determine this question, since we have concluded that seizure of the goods in the car was valid, wholly independently of the arrest.

██ Looking through the window of a home (*People* v. *Moore*, 140 Cal.App.2d 870 [295 P.2d 969]), or office (*People* v. *Martin*, 45 Cal.2d 755 [290 P.2d 855]), or peering through the mail chute of an office (*People* v. *Martin, supra*), does not constitute an unreasonable search. It seems clear that looking through the windows of a parked automobile is, if there be any distinction, even less reprehensible.

██ We see no merit in the suggestion that the deputy, in approaching the car closely enough to observe its interior, was a trespasser. The car was parked in a driveway, a few feet off the street. There is no showing as to ownership of the driveway. The deputy testified that from the street he could see the car and a man lying in it. At 5 a.m., it seems by no means unreasonable to approach such a car closely enough for a careful view of its occupant. (See *People* v. *Blodgett*, 46 Cal.2d 114 [293 P.2d 57].) ██ Mere presence upon the land of another does not appear to bar reliance and action upon what is seen from such a vantage point. This question is not discussed in *People* v. *Moore, supra,* 140 Cal.

App.2d 870, where police officers looked into a house through the apertures in venetian blinds covering the window of a home, or in *People* v. *Martin, supra,* 45 Cal.2d 755, where the second observation of defendant was from the rear of an office building. However, there seems little room to question the propriety of entry upon an open driveway to view the occupant of an automobile parked thereon in the hours of early morning darkness. ▮ We find no decision holding that the use of a flashlight to view, from the outside, such a car and its occupant constitutes an unlawful entry or search. We conclude that the acts of the deputy sheriff, before he opened the car door and arrested appellant, were proper and authorized.

Before he opened the automobile door, the deputy saw within the car a quantity of apparently new articles of clothing, folded as they would be for display in a store, and bearing the tags normally seen upon them in such a display. The presence of such articles before daylight in a car parked in a driveway and occupied by a sleeping man is ample to suggest to a reasonable mind that the goods are stolen. It is true that the deputy sheriff here involved displayed something less than quickness of wit. It was some two minutes later, after he had arrested appellant, placed him in the police car, and started away, that he realized the significance of what he had seen, and returned to take custody of the articles. It is true that the deputy's conversation with the police officer, in which the latter stated that appellant was a known burglar, occurred after the arrest, and that it was occasioned by the policeman's observation of appellant in custody of the deputy. However, the arresting deputy testified that he had seen appellant's name on sheriff's file cards as one who had been previously arrested for burglary. Also, his testimony is that he answered ''yes'' to the policeman's inquiry whether he knew that appellant was a known burglar. The question as to the factor motivating the deputy's somewhat delayed mental reaction was, under these circumstances, one of fact for determination by the trial judge. We cannot hold unreasonable his implied finding that the motive for seizure of the stolen articles was independent of any factor involved in the arrest.

▮ Appellant's argument seems to assume that search, and seizure of the articles found, is justified only when there is a lawful arrest. This is not the rule. It is true that the great bulk of the cases involve an effort to justify the search

by showing a lawful arrest. But it does not follow that a search or seizure may be made only in connection with such an arrest. In *People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721], a search was held justified although not made as an incident to an arrest.

In the case at bar, a justified view of the interior of the automobile, had without any entry into the car, disclosed evidence which fully warranted the seizure of the articles so seen. Once the deputy sheriff realized that the articles he saw were stolen, he had reasonable cause to search the car. It was this search which produced the narcotics, and thus they, too, were admissible in evidence.

Appellant also complains of the admission in evidence of the overcoat he wore at the time of his arrest. He kept it on, and still wore it when confronted at the sheriff's substation by the salesman whose car had been burglarized. The latter identified the coat as his own. Thus, appellant contends, the discovery that the coat was stolen, and its seizure, stemmed directly from the arrest which, for purposes of this opinion, we have assumed to be invalid. However, even if the admission of the coat in evidence was error, it was not prejudicial. The quantity of other articles stolen from the same owner was more than ample to support the charge of receiving stolen property. The coat was but a cumulative and minor bit of evidence. In this non-jury trial, there is no reason to assume that admission of the coat affected the result. Thus, even if error occurred, it is not a basis for reversal. (Cal. Const., art. VI, § 4½.)

Appellant also asserts error in the admission in evidence of sample cases and their contents, found at a house not appellant's. In the afternoon of the day he was arrested, police officers asked appellant where the rest of "the stuff" was. Appellant said, "Well, take me for a ride." He directed the officers to a house in Mt. Eden. He "climbed up and looked through a window and said 'Thank God, its still here,'" climbed through the window, came to the front door, admitted the police officers and took them to a small room which contained these sample cases. At least a part of the cases and contents were identified as those stolen from the salesman's car. Appellant contends that the articles taken from the Mt. Eden house were illegally seized, and thus inadmissible. But appellant clearly consented to the entry into the house and the seizure of the goods. There is no suggestion of use of force or threats. Appellant voluntarily went to the

house, entered it, and admitted the officers.  Clearly, he waived any objection he may have had.  The occupants of the house are not here asserting any objection to the entry.  Thus, we need not consider the question whether appellant could waive their rights.  As to appellant himself, the waiver is clear.

The judgment and the order denying new trial are affirmed.

Dooling, Acting P. J., and Draper, J., concurred.