[Crim. No. 5817.   Second Dist., Div. Three.   Aug. 12, 1957.]

THE PEOPLE, Respondent, v. LINDSEY EDWARD SMITH, Appellant.

Harrison M. Dunham for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was accused of violating section 11500 of the Health and Safety Code, in that, he unlawfully had heroin in his possession. He admitted an allegation in the information that he had been convicted of violating section 11721 of the Health and Safety Code, a misdemeanor (being addicted to unlawful use of narcotics). Upon stipulation, the case was submitted upon the transcript of the preliminary examination, subject to the right to offer further evidence. Trial by jury was waived. Defendant was adjudged guilty. He appeals from the judgment and sentence.

Appellant contends in effect that the heroin (Exhibit 1) should not have been received in evidence for the reason it was obtained through illegal search and seizure.

Police Officer Northrup testified: That on April 21, 1956, about 11:50 p. m., while he and Officer O'Connor were traveling in a police car on a street in Los Angeles, he (witness) saw defendant standing on a street corner "waving his arms around and he was pulling at his hair and he was trying to undress"—he "was trying to take his coat off." Four or five persons, standing on the sidewalk, were watching defendant. Officer Northrup (witness) arrested defendant on a charge of being drunk. The arrest was made because defendant appeared to be drunk. The officer did not smell the odor of alcohol on defendant's breath. After arresting defendant, Officer Northrup searched him and found a capsule (Exhibit 1) in his shirt pocket, which capsule contained powder. Defendant said the capsule was not his and that he was holding it for someone. Defendant's speech seemed to be thick and incoherent. When defendant was in the police car, the officers asked him to open his mouth, and they looked in his mouth and "he had what appeared to be a cellophane package with some capsules in the package." Officer O'Connor put his arm around the back of defendant's neck and told defendant to spit the package out. Then defendant chewed the package and swallowed it.

The capsule which was found in defendant's shirt pocket contained heroin.

Defendant did not testify and did not call any witness in his behalf.

At the trial, counsel for defendant made a motion "to exclude the testimony" of Officer Northrup on the ground that "it constituted unlawful search and seizure following the rule laid down in the case of Cahan." The motion was denied.

Section 836 of the Penal Code provides, in part: "A peace officer may . . . without a warrant, arrest a person: 1. For a public offense committed or attempted in his presence." ▰ If the officer in the present case had probable cause to believe that defendant was committing a public offense in his presence, the arrest was lawful. (See *Coverstone* v. *Davies*, 38 Cal.2d 315, 320 [239 P.2d 876].) ▰ "Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." (*Bompensiero* v. *Superior Court*, 44 Cal.2d 178, 183 [281 P.2d 250].) ▰ In *People* v. *Young*, 136 Cal.App. 699 [29 P.2d 440], it was said at page 703: "It has been held that if a public offense has actually been committed in the presence of an officer, and he attempts to make an arrest, though at the time he mistakenly believes a different offense has been committed, he is justified in making the arrest." ▰ In the present case the conduct of defendant prior to the arrest, as observed by Officer Northrup, constituted probable cause for the officer to believe that defendant was intoxicated. There was probable cause for the arrest, and the arrest was lawful. ▰ A search without a warrant is valid where it is incident to a lawful arrest, if it is reasonable and made in good faith. (*People* v. *Winston*, 46 Cal.2d 151, 162 [293 P.2d 40].) In the present case the search was an incident to the arrest. The search of defendant's pocket and the seizure of Exhibit 1 were lawful.

The evidence was sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.