[Crim. No. 6231.   Second Dist., Div. Two.   Aug. 18, 1958.]

THE PEOPLE, Appellant, v. RICHARD WILEY, Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Lewis Watnick, and Robert Lederman, Deputy District Attorneys, for Appellant.

David M. Hoffman for Respondent.

FOX, P. J.—Defendant was charged, in an information filed by the district attorney, with violating section 11500 of the Health and Safety Code, in that on January 17, 1958, he had in his possession a narcotic, to wit, marijuana. He made a motion, under section 995 of the Penal Code, to set the information aside on the ground that he had been held to answer without reasonable or probable cause. His motion was granted. The People have appealed from the order. The theory upon which the information was set aside was that the incriminating evidence against defendant was obtained as a result of unlawful search and seizure.

Shortly before 8:00 o'clock in the evening, on December 18, 1957, Officers Hamner and Peterson, of the Los Angeles Police Department, were driving in the vicinity of 89th Street and Hobart Boulevard when they noticed a car parked southbound in front of 8901 Hobart. Defendant was sitting on the right front seat. Another young man was behind the wheel; three others were standing on the right side of the vehicle. Officer Hamner, who was driving, stopped his police car. When he did this, the three young men standing by the vehicle turned and "rapidly walked away" from it. Officer Peterson stepped from the police car and ordered the three departing men to stop, which they did. Officer Hamner walked to the left side of the car and ordered the defendant and the driver to get out of the car on the right side. When the defendant opened the door and started to get out of the car, the officer "observed something drop from his left hand." After both men had stepped out of the car, the officer walked

around to the right side of the vehicle and from the street, directly under the door, he "picked up two cigarettes," one of which was white and the other yellow. There were no other objects or debris in the immediate vicinity where the cigarettes were lying except a little grass. After picking up the cigarettes the officer arrested defendant on suspicion of possession of narcotics. He was transported to the police station for interrogation. There defendant was requested to remove his shoes, which he did. The officer "found a brown paper wrapped cigarette in the defendant's right shoe between his sock and shoe," which, upon analysis, proved to be a marijuana cigarette.

In conversation with Officer Peterson defendant explained that he had gone to the above address to meet one of the other men there for the purpose of purchasing marijuana cigarettes; that "he had just received the marijuana cigarette" when the officers arrived on the scene; that he did not know what to do with it so he put it in his shoe, where it remained until he was searched.

Officer Hamner testified that in the immediate area a number of thefts from automobiles and burglaries from homes had been reported to the police.

The rule defining the functions of the trial court when passing on a motion to set aside an information under section 995 of the Penal Code is thus stated in *People* v. *Jackson*, 146 Cal.App.2d 553, at page 556 [303 P.2d 767] : "It is the record before the magistrate that is decisive. In arriving at his decision the magistrate may weigh the evidence, may resolve conflicts, and may give or withhold credence to witnesses. In testing the sufficiency of the showing made before him on motion to quash the superior court cannot do these things. [Citations.]" In *People* v. *Flanders*, 140 Cal.App.2d 765, it is stated at page 768 [296 P.2d 13] : "On a motion to set aside an information, the court may not substitute its judgment as to the weight of the evidence for that of the magistrate conducting the preliminary examination." (To the same effect, see *People* v. *Bradley*, 152 Cal.App.2d 527, 535 [314 P.2d 108].) With these principles in mind, we have concluded that the court erred in setting aside the information.

In considering the question of reasonable or probable cause for action by the police, the court looks only to the facts and circumstances presented to the officer at the time he was required to act. (*People* v. *Paul*, 147 Cal.App.2d 609, 619

[305 P.2d 996]; *People* v. *Kilvington,* 104 Cal. 86, 93 [37 P. 799, 43 Am.St.Rep. 73]; *People* v. *Hupp,* 61 Cal.App.2d 447, 449 [143 P.2d 84].)  ██  ''There is, of course, nothing unreasonable in an officer questioning persons outdoors at night. . . .'' (*People* v. *West,* 144 Cal.App.2d 214, 219 [300 P.2d 729]; *People* v. *Simon,* 45 Cal.2d 645, 650 [290 P.2d 531]; *People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57].)

██  Here the police had a number of reports of thefts from automobiles and burglaries in the immediate area. It was after dark, and when the police car stopped the three young men standing by the car in which defendant was seated ''turned and rapidly walked away.'' From the conduct of the three young men, in their hasty retreat, the officers could reasonably infer that they were seeking to evade the officers and avoid being questioned. The magistrate properly could conclude that this conduct, plus the information that the officers had with respect to thefts and burglaries in the neighborhood, reasonably justified investigation. Such investigation properly included a request that the two young men in the car step out. The magistrate could conclude also that the furtive act on the part of the defendant in dropping something from his left hand, and the recovery by the officer, at that point, of two cigarettes from the street, reasonably justified the officer in suspecting that defendant was attempting to surreptitiously dispose of contraband. The officers were therefore justified in arresting defendant on the basis of what they had personally observed. There was, therefore, no unlawful search or seizure involved at this point. (See *People* v. *West, supra*; *People* v. *Sterling,* 154 Cal.App.2d 401, 405 [316 P.2d 405]; *People* v. *Martin,* 46 Cal.2d 106, 108 [293 P.2d 52]; *People* v. *Wright,* 153 Cal.App.2d 35, 38 [313 P.2d 868].)

██  ''The right of peace officers to search persons lawfully arrested and to seize things connected with the crime is well established. [Citations.]'' (*People* v. *Woods,* 139 Cal.App.2d 515, 525 [293 P.2d 901].)  ██  Thus it was entirely proper for the officers to search the defendant. The discovery of the marijuana cigarette in the defendant's shoe did not invade any of his constitutional rights. It was, therefore, admissible in evidence and clearly justified the committing magistrate in holding the defendant for trial in the superior court. It follows that the trial court erred in setting aside the information.

The order is reversed.

Ashburn, J., and Herndon, J., concurred.