[Crim. No. 6196.   Second Dist., Div. Two.   Nov. 3, 1958.]

THE PEOPLE, Respondent, v. ROBERT COVIE JACKSON, Appellant.

760

Samuel C. McMorris, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

HERNDON, J.—After conviction of possession of marijuana, defendant appeals from the judgment and sentence, contending (1) that no probable cause existed for his arrest, and (2) that the evidence upon which conviction was based was illegally obtained and improperly received in evidence over objections.

On the night of September 7, 1957, Los Angeles Police Officers Moody and Scott, assigned to radio patrol duty, were patrolling a residential area in which numerous burglaries had been reported. At about 11:20 p.m. the officers observed appellant walking north on Central Avenue between 30th and 29th streets. Their attention was attracted to appellant by reason of the fact that he was carrying a gas can without a lid over the opening. The officers stopped him for question-

ing and immediately observed a large bulge under his shirt. This bulge protruded out about 4 inches from the normal waistline. The officers investigated, suspecting concealed weapons, but found that the cause of the bulging shirt front was a rubber hose about 5 feet in length.

During the questioning appellant told the officers that his car was parked at a location approximately 10 blocks away, and that he was looking for some gas. No gas stations were open at that hour along the route appellant stated he had walked. Appellant admitted that he had no money and that he intended to siphon the gas (presumably from some conveniently accessible automobile). Thereupon appellant was placed under arrest on suspicion of burglary. It was of course a non-warrant arrest. A further search for weapons was made and in the course thereof officers found a three-quarter inch length of brown cigarette in a sewed-in pocket in appellant's jacket. It was later determined that this cigarette contained marijuana. Appellant was taken to Central Jail where he stated to Officer Pinkston: "That roach I had was marijuana. I had just finished smoking part of it. I bought it for fifty cents from a girl named Katy at 23rd and Compton." This statement was reduced to writing and was read and signed by appellant.

We conclude that the actions of the arresting officers in this case were entirely reasonable in the light of the circumstances under which they acted. Numerous burglaries had been reported in the immediate area. The hour was approaching midnight, and appellant was carrying an object which naturally attracted attention. As stated in *People* v. *Simon,* 45 Cal.2d 645, 650 [290 P.2d 531] : "There is, of course, nothing unreasonable in an officer's questioning persons outdoors at night. . . ." It is settled law in this state that a police officer has a right to make inquiry in a proper manner of anyone upon the public streets at a late hour in the night as to his identity and the occasion of his presence if the surrounding circumstances are such as to indicate to a reasonable man in the officer's position that the public safety demands such inquiry. (*People* v. *Simon, supra,* 45 Cal.2d 645, 650; *Gisske* v. *Sanders,* 9 Cal.App. 13, 16-17 [98 P. 43] ; *People* v. *Jaurequi,* 142 Cal.App.2d 555, 560 [298 P.2d 896].) In considering the question of reasonable or probable cause for action by the police, the court looks to the facts and circumstances presented to the officer at the time he was required to act. (*People* v. *Paul,* 147 Cal.App.2d 609, 617, 619 [305

P.2d 996]; *People* v. *Kilvington,* 104 Cal. 86, 93 [37 P. 799, 43 Am.St.Rep. 73]; *People* v. *Hupp,* 61 Cal.App.2d 447, 449 [143 P.2d 84].)

█ When the officers discovered the siphon hose and when appellant thereupon acknowledged that he intended to commit **a** theft, it was reasonable for the officers to conduct a further search. It was this further search which resulted in the discovery of the contraband. It would seem fairly obvious that a person admittedly entertaining a larcenous intent is a proper object of suspicion especially under such circumstances as those which attended the instant case. As stated in *People* v. *West,* 144 Cal.App.2d 214, 219 [300 P.2d 729] : "There is, of course, nothing unreasonable in an officer questioning persons outdoors at night, and when a response to a reasonable inquiry elicited evidence that the defendant may have been guilty of a crime, especially where, as here, the officers had numerous reports of 'burglaries in the area,' the officers' conduct was not unreasonable."

█ The legality of the search which led to the discovery of the narcotics in this case does not necessarily depend upon the lawfulness of the attendant arrest. As stated in *People* v. *Brown,* 45 Cal.2d 640, 643 [290 P.2d 528] : "It should be noted at the outset that the legality of an arrest is not necessarily determinative of the lawfulness of a search incident thereto. Just as some searches may be reasonable and hence lawful in the absence of a warrant or an arrest (*Carroll* v. *United States,* 267 U.S. 132, 153 [45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790]), others may be unreasonable and hence unlawful although incident to a lawful arrest. (*United States* v. *Lefkowitz,* 285 U.S 452, 463-467 [52 S.Ct. 420, 76 L.Ed. 877, 82 A.L.R. 775]; *Go-Bart Importing Co.* v. *United States,* 282 U. S. 344, 356-358 [51 S.Ct. 153, 75 L.Ed. 374]; see *Harris* v. *United States, supra,* 331 U.S. 145, 153 [67 S.Ct. 1098, 91 L.Ed. 1399].)" *People* v. *Wright,* 153 Cal.App.2d 35, 39-40 [313 P.2d 868] : "Appellant's argument seems to assume that search, and seizure of the articles found, is justified only when there is a lawful arrest. This is not the rule. It is true that the great bulk of the cases involve an effort to justify the search by showing a lawful arrest. But it does not follow that a search or seizure may be made only in connection with such an arrest. In *People* v. *Roberts,* 47 Cal.2d 374 [303 P.2d 721], a search was held justified although not made as an incident to an arrest." █ *People* v. *Ball,* 162 Cal.App.2d 465, 467 [328 P.2d 276] : "A search or seizure may be

justified even though it is in no way related to an arrest. (*People* v. *Roberts*, 47 Cal.2d 374 [303 P.2d 721] ; *People* v. *Wright*, 153 Cal.App.2d 35, 40 [313 P.2d 868].) We know of no rule by which a valid search, justifiable without reference to an arrest, is voided by the unlawfulness of an arrest upon which the search does not depend.''

The appeal from the sentence is dismissed (*People* v. *Gallardo*, 41 Cal.2d 57, 60 [257 P.2d 29]) and the judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.