[Crim. No. 1432. Fourth Dist. Nov. 13, 1959.]

THE PEOPLE, Appellant, v. JOHNNIE EDWARD EVANS, Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Elizabeth Miller, Deputy Attorney General, for Appellant.

Edward L. Bracklow, for Respondent.

GRIFFIN, P. J.—Defendant was charged by information with the unlawful possession of a narcotic, to wit, marijuana. The trial court dismissed the information under section 995, Penal Code, on the grounds that the only evidence against defendant was the product of an illegal search conducted incident to an arrest unauthorized by law.

The evidence presented at the preliminary examination in the municipal court showed that on April 18, 1959, at about 1:45 a.m., Police Officer Kennedy observed the defendant and another person crossing Third Avenue at "E" Street against a red light and in front of approaching traffic. Officer Kennedy, who was sitting in his police car at the time, stated that possibly the light facing defendant was yellow when he stepped off the curb but it immediately turned red. The officer was seated in his car which was stopped near the crosswalk in the second lane of traffic. He parked his car nearby and requested defendant and his companion to recross the street to the vehicle, which they immediately did. When the defendant came up to him the officer observed that he was staggering. A closer and more careful examination of defendant by flashlight revealed that his eyes were bloodshot. The pupils were dilated and insensitive to light. There was an odor of alcohol on his breath. When asked for identification, defendant handed Officer Kennedy his Navy ID card which disclosed that defendant was 19 years old. Defendant was arrested by the officer for "drunk minor," and he was so informed. During the immediately ensuing search of defendant's person, a package was found in his right front trouser pocket which the officer could not identify by feel, so he removed it and

found it to be marijuana. The defendant appeared nervous after this discovery and later explained to the officer that a stranger had given him this package just before the arrest, saying, "Here, you can have this." The defendant also stated that he did not know that the package contained marijuana. The officer asked him where he obtained the liquor he was drinking and he said an older sailor had purchased it for him. They were taken to jail in the police car.

It is now well settled that on hearing a motion to dismiss the case under Penal Code, section 995, the superior court may not reweigh the evidence or substitute its judgment as to the credibility of witnesses for that of the committing magistrate. (*People v. Jackson,* 146 Cal.App.2d 553, 556 [303 P.2d 767]; *People v. Flanders,* 140 Cal.App.2d 765, 768 [296 P.2d 13].)

In *Badillo v. Superior Court,* 46 Cal.2d 269, 272 [294 P.2d 23], the court stated:

". . . Accordingly, the information should not be set aside on the ground that essential evidence was illegally obtained if there is any substantial evidence or applicable presumption to support a contrary conclusion (citations), and in such cases the ultimate decision on admissibility can be made at the trial on the basis of all of the evidence bearing on the issue."

In the instant case, if the marijuana disclosed by the officer's search was properly admitted into evidence, there was sufficient evidence to hold the defendant to answer on the charge indicated. (*Bompensiero v. Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250].)

In examining the reasonableness of the police officer's action, we must consider only the facts and circumstances as they appeared to the officer at the time he was required to act. *People v. Wiley,* 162 Cal.App.2d 836, 838 [328 P.2d 823].

It is not unreasonable for a police officer to question a person outdoors late at night when he sees him crossing the street against the signals and appearing to be a minor and in an intoxicated condition. (*People v. Wiley, supra; People v. Simon,* 45 Cal.2d 645, 650 [290 P.2d 531]; *People v. West,* 144 Cal.App.2d 214, 219 [300 P.2d 729].) *People v. Smith,* 153 Cal.App.2d 190 [314 P.2d 31], is factually similar to the instant case and the rules there stated are here applicable.

Here the officer described the defendant's actions and condition as being such as would warrant a reasonable belief that he was intoxicated and violating the law. These facts, coupled with the defendant's minority, were a sufficient basis

for his arrest. Accordingly the subsequent search was lawful. The record before the committing magistrate indicated that evidence of the unrelated crime disclosed during the search was admissible as being incidental to the lawful search. (*People* v. *Ortiz,* 147 Cal.App.2d 248, 251 [305 P.2d 145]; *People* v. *Winston,* 46 Cal.2d 151, 162 [293 P.2d 40].)

Order setting aside information is reversed.

Mussell, J., and Shepard, J., concurred.