[Crim. No. 1443.   Fourth Dist.   Apr. 19, 1960.]

THE PEOPLE, Respondent, v. MIKE MACHADO, Appellant.

Mike Machado, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Deputy Attorney General, and C. Michael Gianola, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a judgment following conviction by the court, jury trial having been waived, of possession of marijuana in violation of Health and Safety Code, section 11500 (now Health & Saf. Code, § 11531, as to marijuana, added by Stats. 1959, ch. 1112).

In an amended information filed immediately before trial, defendant was charged with a prior felony conviction, a violation of title 26 U.S.C., section 2591 (a) (transferring marijuana), for which he had served a term in a federal reformatory.

Defendant was conversing with a friend, Manuel Sandoval, in front of the latter's house in San Diego on the morning of January 23, 1959. At that time several police officers began to converge on this area to arrest a burglary suspect, one Peter Rivera, who lived next door to Sandoval. As two officers approached the front of Sandoval's house, the defendant and Sandoval ran into the house. Defendant ran through the house and back yard into an alley where Officer Gutierrez pursued the fleeing defendant thinking him to be Rivera.

Officer Gutierrez, who was in a marked police car, called to the defendant over the loudspeaker, informing him that it was the police and requesting him to stop. Defendant dodged behind a trailer and around a house where he encountered a high fence which forced him to stop his flight. During his flight, defendant carried a jacket in one of his hands. Almost immediately Officer Gutierrez and Officer Whitehead, who had observed the pursuit, arrived. Officer Gutierrez observed that this was not Rivera and asked the defendant who he was and why he had run. Defendant had a dazed expression on his face and did not answer. After repeating the question in Spanish, and after the defendant again refused to answer, Gutierrez asked the defendant if this was his coat and received an affirmative response. At that time defendant was placed under arrest and searched for weapons. A hand-rolled cigarette containing marijuana was found in a pocket of the coat. The cigarette was shown to defendant and he was asked to explain its presence in the coat. Defendant replied, ''That, man, I don't know how that roach got in there. Sandoval must have put it in there.'' During a later conversation with Officer Wilson, defendant said that he did not know if anyone else had been using his coat. A chemical analysis disclosed that the cigarette contained marijuana and that debris removed from the coat pockets contained marijuana particles.

Defendant testified in his own behalf that he ran when he saw the officers approaching because he realized that something was wrong and he didn't want to get involved. He said that he had previously loaned the coat to one Solas who had used it for a time and then returned it. Defendant stated he had no knowledge as to how the marijuana cigarette came to be in the coat, but theorized that Solas might have put it there. At the time of this trial, Solas was in a federal prison in Texas. Defendant admitted that he had been convicted of a violation of 26 U.S.C., section 2591 (a). During his redirect-examination defendant admitted that in April, 1959, he had been convicted of a violation of Health and Safety Code, section 11721 (unlawful use of narcotics).

After filing his notice of appeal, defendant requested this court to appoint an attorney to represent him on his appeal. Defendant and his trial defense counsel were requested to inform this court of possible meritorious grounds of appeal. Both defendant and his trial counsel suggested that there is a question as to whether the prior violation of title 26 U.S.C., section 2591 (a), is a prior narcotic offense within the meaning of the Health and Safety Code, sections 11712 and 11715.6. Defendant's trial attorney pointed out that he had failed to call Solas as a witness on defendant's behalf and stated that he might have thereby deprived defendant of a fair trial inasmuch as the attorney is now informed that Solas would have testified that he had borrowed defendant's coat and recalled leaving a partially smoked cigarette in the pocket of the coat. Defendant also urged that hearsay evidence was received by the trial court; that the marijuana cigarette admitted in evidence was discovered during an illegal search; and that the evidence is insufficient to sustain the conviction.

This court then made an independent examination of the record and determined that it would not be of value to the defendant or helpful to the court to have appellate counsel appointed. (*People* v. *Hyde,* 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Marsh,* 170 Cal.App.2d 284 [338 P.2d 495].) Defendant was informed that his request for counsel had been denied and he was requested to file an opening brief or make such other showing as he might desire. Although no further response has been received from the defendant, we have decided the case on its merits and considered the issues raised by defendant and his trial attorney in their communications to this court. The attorney general has filed a memorandum brief.

After his trial on July 28, 1959, defendant waived the statutory time for pronouncement of judgment and applied for probation. The hearing thereon was set for September 10, 1959, at which time probation was denied and judgment pronounced sentencing defendant to state prison. At no time prior to judgment did defendant make a motion for a new trial upon the grounds of newly discovered evidence or any other grounds. The judgment of commitment to state prison recites that defendant and his counsel were present in court on September 10, 1959; that defendant was asked if he had any legal cause to show why judgment should not be pronounced against him and that defendant replied that he had none. ▮▮▮ The unsworn statement of defendant's trial attorney, concerning the failure to call Solas and his expected testimony, which was not received in the trial court and appears for the first time in a communication to this court, cannot be considered by us for any purpose. (*People* v. *Gilpin,* 38 Cal.App.2d 24, 26 [100 P.2d 356].)

▮▮▮ Defendant contends that the trial court erred in finding that he had suffered a prior conviction under the laws of the United States which would have been punishable as an offense described under division 10, Health and Safety Code. It appeared that defendant had been convicted of unlawful transfer of marijuana in violation of section 2591 (a) of title 26, U. S. Code (now title 26, U. S. Code, section 4742 as amended by 68A Stat. 560, August 16, 1954), which provided:

"It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 3230 and 3231, to transfer marijuana, except in pursuance of a written order of the person to whom such marijuana is transferred, on a form to be issued in blank for that purpose by the Secretary."

Evidence of defendant's prison record was introduced to prove the prior offense. A former treasury agent testified that the prior conviction resulted from a sale of marijuana by the defendant to the agent who was acting in an undercover capacity at the time. The acts upon which this prior conviction was based took place in San Diego County. It is clear that the acts constituting the essential substance of the offense of which defendant was previously convicted, to wit, the unlawful sale of marijuana, would have been punishable as an offense against division 10 of the Health and Safety Code. (*In re*

*McVickers,* 29 Cal.2d 264 [176 P.2d 40] ; *People* v. *Bigelow,* 94 Cal.App. 28 [270 P. 460] ; *People* v. *Albritton,* 110 Cal.App. 188 [294 P. 76].) ▮ Nor was it error to permit filing of the amended information alleging the prior conviction of a felony as late as just before trial. (*People* v. *Barwick,* 7 Cal.2d 696 [62 P.2d 590] ; *People* v. *Payton,* 36 Cal.App.2d 41 [96 P.2d 991] ; *People* v. *Christman,* 41 Cal.App.2d 158 [106 P.2d 32].)

Defendant's contention that the search of his coat without a warrant was unlawful and that the evidence discovered thereby was not admissible as evidence is without merit. ▮ In considering the reasonableness of action by the police, the court considers only the facts presented by the officer at the time he was required to act. (*People* v. *Wiley,* 162 Cal. App.2d 836, 838 [328 P.2d 823] ; *People* v. *Paul,* 147 Cal. App.2d 609, 619 [305 P.2d 996].) ▮ Here Officer Gutierrez, who was at the scene to arrest a suspected burglar named Rivera, observed a person fleeing down the alley. Believing this fugitive to be Rivera, the officer gave chase and called upon him to stop. Despite several orders to stop, the defendant continued his flight and attempted to evade his pursuer until finally stopped by a high fence. Upon observing the defendant at close hand and discovering that he was not Rivera, the officer asked who he was and why he was running and received no answer. The officer then asked defendant if he owned the coat he was carrying and defendant said he did. The police officer observed that defendant was in a highly emotional state. In view of the defendant's flight and his refusal to explain this conduct and identify himself, the police officer might reasonably have disbelieved this answer. Certainly the officer was justified in searching the defendant for weapons to ensure his own safety. Further investigation to determine the motive for defendant's highly unusual conduct was reasonable under the circumstances. While going through the coat to see if it contained weapons, the officer found the marijuana cigarette. In our opinion the search was reasonable and the evidence was properly received by the trial court. (*People* v. *Martin,* 46 Cal.2d 106 [293 P.2d 52] ; *People* v. *Dore,* 146 Cal.App.2d 541 [304 P.2d 103] ; *People* v. *Garnett,* 148 Cal.App.2d 280 [306 P.2d 571] ; *People* v. *Dewson,* 150 Cal.App.2d 119 [310 P.2d 162] ; *People* v. *Wiley,* 162 Cal. App.2d 836 [328 P.2d 823].)

▮ Defendant's contention that the evidence is insuffi-

cient to support his conviction of the offense charged is similarly without merit. Where, as here, the narcotics were found in defendant's coat, the defendant took flight upon seeing the police officers and refused to heed their request to stop, and, upon first being shown the marijuana cigarette, the defendant identified it as such, there was ample evidence to support a conclusion that the defendant had knowledge that the coat contained marijuana. (*People* v. *Kuykendall,* 170 Cal.App.2d 250 [338 P.2d 574]; *People* v. *Martinez,* 169 Cal. App.2d 242 [336 P.2d 988].)

The judgment is affirmed.

Shepard, J., and Coughlin, J., concurred.