[Crim. No. 1557. Fourth Dist. Aug. 15, 1960.]

THE PEOPLE, Respondent, v. WALTER PAUL
ANUSHEVITZ, Appellant.

Edward P. Foley, Public Defender, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—In an information defendant was charged with possession of a blackjack, in violation of Penal Code, section 12020. It also alleged that defendant had suffered two prior felony convictions. Defendant admitted the prior convictions and, after a jury trial, was found guilty of the offense charged and sentenced to imprisonment in the state prison for the term prescribed by law.

The evidence adduced at the trial disclosed that on December 26, 1959, Officer Foster of the California Highway Patrol received a radio message from the Barstow dispatcher stating that the Yermo Agricultural Station had called the dispatcher and informed him that a 1954 Chevrolet, black and white in color, and with Kentucky license plates, had just passed through the station. The message described the occupants of the car and said that there was no registration displayed on the vehicle and it carried no luggage or spare tire although the occupants said they came from Kentucky. The officer was instructed to stop the car and check it out.

Acting upon this information, the officer stopped the vehicle three miles east of Barstow on United States Highway 91.

The automobile was being driven by a Billy Dungan and the defendant was on the passenger side in the front seat. The officer inquired as to the car's registration and was told that there was none. Dungan made conflicting statements as to why he did not have the registration. First, he said that he would not receive the registration until the vehicle was completely paid for, but then he said that the registration had been left at home in Kentucky. The officer also noted that there was no luggage in the vehicle and that it contained no spare tire or jack, and there was only one key for the ignition and trunk cover locks.

The officer then conversed with defendant and asked if he had any luggage. The defendant replied that he had exchanged it for gasoline at a service station near the Nevada State line. From where the officer was standing outside the car, he could see an overnight trip bag on the floorboard immediately behind the passenger's seat. Upon being queried about this bag, the defendant said that he did a lot of reading and the bag contained pocket books. The officer asked if the defendant would mind if he looked in the bag and the defendant said he would have no objection. The bag was then opened by defendant and the officer observed that it contained a towel. The defendant removed the towel from the bag at the request of the officer who then observed within the bag a 12-inch length of hose which was taped at both ends and weighted. The officer recognized this object as a "sap" or blackjack. At the trial it was stipulated that this article was in defendant's possession and that he owned it.

Defendant did not take the stand and testify in his own behalf, neither did he testify as to the limited issue of search and seizure. His contention both at the trial and on this appeal is that the evidence was obtained by an illegal search and seizure. Defendant further contends that the stopping of the car constituted an arrest; that if a reasonable cause does not exist at the time of the arrest, an arrest cannot be justified by what a search which follows produces. He declares that his consent to the search was obtained through fear of the arresting officer. (Citing *People* v. *Brown,* 45 Cal.2d 640 [290 P.2d 528] ; *People* v. *Gale,* 46 Cal.2d 253 [294 P.2d 13] ; *Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23] ; *People* v. *Gorg,* 45 Cal.2d 776 [291 P.2d 469].)

The police officer testified that he did not arrest the defendant until the blackjack was discovered. On cross-examination, the officer stated that he had previously been informed that stopping a car constituted a "technical" arrest. In

*People* v. *King*, 175 Cal.App.2d 386, 390 [346 P.2d 235], a case involving facts similar to those in the instant case, it was said:

"The fact that a police officer stops a person and talks to him and asks some reasonable questions under the circumstances does not necessarily mean that the person so stopped is arrested. . . . the federal agents under the circumstances of this case, had the right to stop the car and to question the appellant quite apart from the making of any arrest, and that is what was done. Whether an officer has a right to stop a car and interrogate the occupant is an issue quite separate from whether he has a right to stop the car and to arrest the occupant and conduct a search. The strength of the information the officer requires to engage in questioning is necessarily much less than it would be to arrest and search."

(See also *People* v. *Michael*, 45 Cal.2d 751, 754 [290 P.2d 852]; *People* v. *Hood*, 149 Cal.App.2d 836, 837-839 [309 P.2d 135]; *People* v. *Burke*, 47 Cal.2d 45 [301 P.2d 241].) Here, the evidence is undisputed that the automobile in which defendant was riding did not display the registration certificate required by Vehicle Code, section 4454. This fact, and the other information received by the officer from the dispatcher, tended to show that the automobile might have been stolen and furnished reasonable cause for the officer's actions in stopping the car and inquiring as to its ownership. (*People* v. *Burke, supra*; *People* v. *Galceran*, 178 Cal.App.2d 312, 315-317 [2 Cal.Rptr. 901].)

Uncontradicted evidence discloses that when the officer's inquiries extended to the contents of the overnight bag, the defendant voluntarily opened the bag and displayed its contents. It is settled law that where the defendant freely consents to the search of something under his control, a search made pursuant to the consent is not unreasonable. A consent may be freely given although the defendant is in custody at the time and the question whether the consent was voluntary was a matter for the trial court to determine. (*People* v. *King, supra*, 175 Cal.App.2d 386.) Here the determination of the trial court was supported by substantial and uncontradicted evidence and must be sustained. No prejudicial error appears.

Judgment and order denying a new trial affirmed.

Shepard, J., and Coughlin, J., concurred.