[Crim. No. 1471.   Fourth Dist.   Apr. 5, 1961.]

THE  PEOPLE,  Appellant,  v.  GERALD  LYNN  ELLS-
WORTH,  Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, James Don Keller, District Attorney, and Arthur J. O'Keefe, Assistant District Attorney, for Appellant.

Adams & Tom and Richard E. Adams for Respondent.

COUGHLIN, J.—This is an appeal from an order setting aside an information charging the defendant with the offense of possession of marijuana, i.e., a violation of section 11530 of the Health and Safety Code, upon the ground that he had been committed without reasonable or probable cause in that the only evidence of such possession was obtained by an illegal search and seizure.

On the night of August 26, 1960, at 10:45 o'clock, two deputy sheriffs were on patrol duty in the Bonita Mesa area of San Diego County. As the officers drove into a dirt road which had the reputation of being a lover's lane, was a block and a half in length, and was surrounded by truck farms and residences, they saw a Pontiac sedan with its lights out, parked ahead of them on the roadway; immediately the lights of the Pontiac went on and it proceeded to drive away at a normally accelerated rate of speed. The officers started in pursuit, lit the red light on the patrol car and sounded the siren. After going about three-quarters of a block up the road the Pontiac came to a stop; the defendant alighted therefrom; walked to the rear thereof; and was met by the officers who noticed that the fly of his trousers was open, revealing a brown paper object. When the defendant was asked what the brown paper object was, he looked down at it and said: "Marijuana." Thereupon the object was taken from him and proved to be a brown paper sack containing marijuana. The officer who testified at the preliminary hearing stated that he had no report to be on the lookout for a

Pontiac or its occupants; that he was prompted to put on the red light and siren because the defendant attempted to elude him.

The defendant contends that the action of the officers in stopping him was illegal; that this illegality permeated the subsequent seizure; and that the evidence obtained thereby was inadmissible.

The brown paper object was not discovered as the result of a search; it was in plain sight; no search was involved. (*People* v. *Linden,* 185 Cal.App.2d 752, 757 [8 Cal.Rptr. 640]; *People* v. *Murphy,* 173 Cal.App.2d 367, 377 [343 P.2d 273]; *People* v. *Williams,* 169 Cal.App.2d 400, 402 [337 P.2d 134]; *People* v. *Spicer,* 163 Cal.App.2d 678, 683 [329 P.2d 917]; *People* v. *Ambrose,* 155 Cal.App.2d 513, 522 [318 P.2d 181]; *People* v. *West,* 144 Cal.App.2d 214, 219 [300 P.2d 729]; *People* v. *Jaurequi,* 142 Cal.App.2d 555, 561, 562 [298 P.2d 896].) When the defendant told the officers that this object was marijuana their seizure thereof was made upon probable cause. (*People* v. *Martin.* 45 Cal.2d 755, 761 [290 P.2d 855]; *People* v. *Davis,* 188 Cal.App.2d 718, 722 [10 Cal.Rptr. 610].) He may not now assert that this information was revealed in response to an implied assertion of unlawful authority. (*People* v. *Michael,* 45 Cal.2d 751, 753-754 [290 P.2d 852]; *People* v. *Jaurequi, supra,* 142 Cal. App.2d 555, 560.) Therefore, under the contentions advanced, the determinative issue is whether the officers illegally stopped the defendant.

"Whether an officer has a right to stop a car and interrogate the occupant is an issue quite separate from whether he has a right to stop the car and to arrest the occupant and conduct a search." (*People* v. *King,* 175 Cal.App.2d 386, 390 [346 P.2d 235]; *People* v. *Gale,* 46 Cal.2d 253, 257 [294 P.2d 13].)

The courts of this state consistently have adhered to the proposition that a police officer may question a person outdoors at night when the circumstances are such as would indicate to a reasonable man in like position that such a course is necessary to the discharge of his duties (*People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57]; *People* v. *Simon,* 45 Cal.2d 645, 650 [290 P.2d 531]; *People* v. *Murphy, supra,* 173 Cal.App.2d 367, 377; *People* v. *Jackson,* 164 Cal.App.2d 759, 761 [331 P.2d 63]; *People* v. *Wiley,* 162 Cal.App.2d 836, 839 [329 P.2d 823]; *People* v. *Ambrose, supra,* 155 Cal. App.2d 513, 521-522; *People* v. *West, supra,* 144 Cal.App.2d

214, 216-219; *People* v. *Jimincz*, 143 Cal.App.2d 671, 673 [300 P.2d 68] ; *People* v. *Jaurequi, supra,* 142 Cal.App.2d 555, 560; *Gisske* v. *Sanders,* 9 Cal.App. 13, 16 [98 P. 43] ), particularly when the person to be interrogated is parked in an automobile on a secluded highway, commonly referred to as a lover's lane. (*People* v. *Martin,* 46 Cal.2d 106, 108 [293 P.2d 52].) The right to interrogate, under the circumstances noted, includes the right to stop the automobile in which the person to be interrogated is riding. (*People* v. *Davis, supra,* 188 Cal.App.2d 718, 722; *People* v. *King, supra,* 175 Cal. App.2d 386, 390; *cf. People* v. *Blodgett, supra,* 46 Cal.2d 114, 117; *People* v. *Wiley, supra,* 162 Cal.App.2d 836, 837.) Such a procedure does not constitute an arrest even though the person interrogated may be detained momentarily (*People* v. *Davis, supra,* 188 Cal.App.2d 718, 722; *People* v. *Anushevitz,* 183 Cal.App.2d 752, 754-755 [6 Cal.Rptr. 785] ; *People* v. *King, supra,* 175 Cal.App.2d 386, 390; *Gisske* v. *Sanders, supra,* 9 Cal.App. 13, 16), and the existence of facts constituting probable cause to justify an arrest is not a condition precedent to such an investigation. (*People* v. *Blodgett, supra,* 46 Cal.2d 114, 117.) In support of his position the defendant cites a number of cases stating the general rule that a police officer may legally stop and search an automobile only when he has reasonable cause to believe that an offense is being committed. (*Carroll* v. *United States,* 267 U.S. 132 [45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790] ; *Olmstead* v. *United States,* 277 U.S. 438 [48 S.Ct. 564, 72 L.Ed. 944, 66 A.L.R. 376] ; *Wirin* v. *Horrall,* 85 Cal.App.2d 497 [193 P.2d 470].) These cases do not apply to the situation at hand, where the stopping occurred as an incident to a lawful investigation; no search was involved; and the subsequent seizure followed probable cause.

The defendant's automobile was parked on a secluded roadway in the night time; when the officers came onto this roadway the defendant started his car and proceeded to drive away; the officers gave chase; showing a red light and sounding a siren; the defendant, after going three-quarters of a block, stopped, alighted from his automobile, and met the officers at the rear thereof. ■ The reasonableness of an officer's decision to make an investigation is determined in the light of the facts and circumstances as they appeared to him at the time he was required to act. (*People* v. *Evans,* 175 Cal.App.2d 274, 276 [345 P.2d 947] ; *People* v. *Wiley, supra,* 162 Cal.App.2d 836, 838.) Under the rules heretofore

noted, it was not unreasonable for the officers to stop the defendant to inquire into the reason for his being parked on this lonely road late at night and to learn why he attempted to leave when he saw another car approaching. Evidence respecting the subsequent events which established that the defendant was in possession of marijuana was not illegally obtained.

The order setting aside the information is reversed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied May 2, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 31, 1961.