Argued March 27, affirmed as modified April 16, 1952

# TURNER ET AL. *v.* McDANIEL

### 243 P. 2d 273

*Cecil Stickney,* of Eugene, argued the cause and filed a brief for appellants.

*Edward C. Harms, Jr.,* of Springfield, argued the cause and filed a brief for respondent.

Before HAY, Acting Chief Justice, and LUSK, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

This is a suit to recover certain sums of money, and for an accounting, brought by Frank C. Turner and Charles H. Sparks, dba Eugene Truck and Machine Company, a partnership, as plaintiffs, against Robert H. McDaniel, as defendant. A judgment was entered in favor of plaintiffs against defendant for $100; plaintiffs appeal.

Prior to May 31, 1946, defendant owned and operated a machine shop in Eugene, Oregon, under the assumed name of Eugene Truck and Machine Company. On May 31, 1946, defendant sold an undivided one-half interest in said business to the plaintiff Frank C. Turner and on June 5, 1946, entered into a written agreement of partnership with him. On April 1, 1948, defendant sold his one-half interest in the partnership to plaintiff Charles H. Sparks, and since said time plaintiffs have conducted said business as partners and under the same assumed name.

Hereafter, unless otherwise stated, when we speak of the partnership, it will be deemed to refer to the partnership that existed between the plaintiff Frank C. Turner and defendant.

On February 16, 1950, plaintiffs filed their second amended complaint in the circuit court for Lane county. In this complaint they set forth separately five distinct causes of action. All the causes of action related to matters arising immediately prior to and during the partnership between plaintiff Frank C. Turner and defendant. In addition to asking a money judgment against defendant, plaintiffs prayed for an accounting respecting the matters set forth in the several causes of action. In his answer, defendant denied the material allegations of the several causes of action alleged in the complaint, affirmatively pleaded a counterclaim for $400 claimed to be due him as salary for the month of March, 1948, and, by way of cross-complaint, prayed for a full and complete accounting of all partnership dealings. Plaintiffs denied the allegations of defendant's counterclaim and, answering the cross-complaint, denied the necessity of an accounting between plaintiff Frank C. Turner and defendant.

The case was tried as a suit in equity, and an accounting was had as to the several matters alleged in plaintiffs' causes of action and in defendant's counterclaim. The trial court denied the claim alleged in plaintiffs' first cause of action respecting a certain 1940 Nash coupe automobile bearing motor No. E343801 and serial No. R344301; allowed plaintiffs' claim set forth in their second cause of action and found that plaintiffs were entitled to recover $100 from defendant on account thereof; allowed plaintiffs' claim alleged in their third cause of action and found that plaintiffs were entitled to recover $400 from defendant on ac-

count thereof; denied plaintiffs' claim pleaded in their fourth cause of action regarding certain items which it was claimed were personal obligations of defendant, rather than partnership obligations; denied relief upon plaintiffs' fifth cause of action which related to a certain 1936 Chevrolet pick-up truck bearing motor No. K5761507 and serial No. 3FB114067; allowed the amount of defendant's counterclaim for salary in the sum of $400 for the month of March, 1948; leaving a balance due plaintiffs of $100. In the decree the trial court did not allow costs to either party.

■■ As to the Nash coupe automobile mentioned in plaintiffs' first cause of action, plaintiffs contended it formed a part of the assets of the business when plaintiff Frank C. Turner purchased a one-half interest therein from defendant. Defendant denied this, claiming that this automobile was his own personal car. It is significant to note that plaintiff Frank C. Turner never raised any question as to the ownership of this car until long after defendant had sold out to plaintiff Sparks, and that during all the time defendant used and treated it as his own personal property. Further, the car had been sold by defendant to others long before the plaintiffs became partners, and in no event could the present partnership have an interest therein. The trial court correctly found against plaintiffs on this claim.

■■ So that we may not be misunderstood as sanctioning the procedure in this case, it is well to point out that the several causes of action alleged by plaintiffs against defendant were not maintainable between the original partners, in the absence of an accounting and settlement of the partnership affairs, inasmuch as the several matters involved arose during and out of that partnership. Furthermore, when the aid of equity is

invoked to obtain an accounting, it is not a piecemeal matter, but necessitates an examination of all business relations between the parties. *McKee v. Capitol Dairies,* 164 Or 1, 99 P2d 1013; *McDonald v. Holmes,* 22 Or 212, 39 P 735; annotations, 58 ALR 621, 623; 21 ALR 21, 34.

■ Moreover, it should be noted that plaintiff Charles H. Sparks, as one of the partners in the present partnership, has no interest whatever in the several claims alleged in the complaint. Those demands relate exclusively to matters arising between plaintiff Frank C. Turner and defendant before plaintiff Sparks bought into the business. But as no question was raised as to Sparks' right to sue, we make no point of it here.

■ However, inasmuch as the parties treated the proceeding as one for an accounting and the trial court decided the several issues upon that theory, we will so treat it here. *Yellow Mfg. Acceptance Corp. v. Bristol,* 193 Or 24, 236 P2d 939, 948.

■■ Upon all disputes in the testimony, the findings of the trial judge are entitled to great weight. We have examined the record with care and find no reason for disturbing the findings upon the facts of the able trial judge in this case.

But there was one issue upon which the trial court did not render a final decision. We are of the opinion that the entire controversy should be terminated and, therefore, give attention to the matter in question. It involves the 1936 Chevrolet pickup truck described in plaintiffs' fifth cause of action.

■ Relative to this pickup truck, defendant admitted that it had belonged to the partnership, but claims that he purchased it for the agreed price of $200. He took and retained possession of the truck, but failed and refused to pay the $200, claiming that the partnership

refused to deliver the title of the truck to him. He expressed a willingness to pay the $200 purchase price upon the delivery of such title. As this truck belonged to the partnership existing between himself and plaintiff Turner and was purchased from that partnership, defendant himself could have signed the necessary transfer of title in the name of the partnership. There appears no good reason why this matter should not be settled. A judgment should be entered in favor of plaintiffs against defendant for the sum of $200 upon this claim, and a decree directing plaintiffs to deliver to defendant title to said truck upon payment being made, or failing so to do, that the decree stand as and for such transfer of title.

Plaintiffs assign as error the failure of the trial court to award costs to them. The case was treated and tried as a suit in equity. It was so appealed to this court. Section 10-907, OCLA, provides:

"In a suit, costs and disbursements shall be allowed to a party in whose favor a decree is given, in like manner and amount as an action, without reference to the amount recovered or the value of the subject of the suit, *unless the court otherwise directs.*" (Italics ours.)

The allowance of costs in equity cases is confided to the court's discretion. A reversal for a failure or refusal to allow costs to the prevailing party will not be ordered by the Supreme Court unless it is manifest that there has been an abuse of discretion on the part of the trial court. We find no such abuse of discretion in this case.

The decree of the trial court is modified to the extent of directing that judgment be entered in favor of plaintiffs against defendant for an additional sum of

$200 and decreeing that upon payment thereof plaintiffs deliver to defendant title to 1936 Chevrolet pickup truck, motor No. E5767507, serial No. 3FD114067, and upon failure to deliver such title, that the decree stand as and for such transfer of title; in all other respects, the decree is affirmed.

Neither party shall recover costs.