[Crim. No. 1431.   Fourth Dist.   Dec. 15, 1959.]

THE PEOPLE, Respondent, v. ROGER JONES, Appellant.

Roger Jones, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from judgment of conviction and order denying motion for a new trial after a jury verdict finding him guilty of violation of Penal Code, section 12021 (possession of a firearm capable of being concealed upon the person by one previously convicted of a felony).

Viewed in the light most favorable to the respondent, the evidence discloses that on January 6, 1959, at 7 p.m., Officer Collins of the San Diego Police Department observed the defendant at the intersection of "F" and Columbia Streets in San Diego. This area of the city was deserted at that hour. Defendant was accompanied by a young boy who was subsequently identified as his brother. The officer noticed an unusual bulge under the front of defendant's coat, stopped and interrogated him. Defendant stated his name to the officer but could not produce any identification as requested of him. Defendant said he had a stocking cap concealed in his coat and handed it to the officer. Defendant stated that he carried the cap because it afforded him protection against the cold weather. The officer said, "It doesn't get that cold." The officer opened the rolled-up cap and noticed that it had two holes on one side which would serve as a mask with eye-holes if the cap were pulled completely over the face. The officer then asked defendant if he had a weapon or gun and defendant made no reply. The officer ran his hands over defendant's outer garments and discovered a loaded automatic pistol in his right outer coat pocket. Defendant was placed under arrest.

During a subsequent interrogation, defendant was asked, "Mr. Jones, on the previous night when you were arrested you had in your possession a gun and a mask. Did you intend to hold someone up?" The defendant answered by stating,

"Well, if something had come up that looked pretty good to me, I probably would have."

The defendant was found to have been previously convicted of the felonies of assault with a deadly weapon and robbery, and it appears that he was on parole from this conviction at the date of the offense here charged.

Defendant's application for appointment of counsel to represent him on this appeal was accorded our usual procedure. Defendant and his trial counsel were requested to inform this court of possible meritorious grounds of appeal. In his response, defendant's trial counsel states that the sole question which could be urged on appeal is the validity of the officer's search of defendant; that a motion was made in the superior court to suppress the evidence on the basis of an unlawful search and seizure; that the motion was denied; that a petition for writ of prohibition was filed in this District Court of Appeal on the same question and it was denied and the order became final. Defendant again contends on this appeal that the search was unlawful. See *People* v. *Lancellotti*, 147 Cal.App.2d 723 [305 P.2d 926].

This court made an independent examination of the record and determined that it would not be helpful to the defendant or to this court to have appellate counsel appointed. (*People* v. *Hyde*, 51 Cal.2d 152 [331 P.2d 42]; *People* v. *Marsh*, 170 Cal.App.2d 284 [338 P.2d 495].)

Police officers under certain circumstances have the right to make inquiry in a proper manner of persons on the public streets at night. (*Gisske* v. *Sanders*, 9 Cal.App. 13, 16 [98 P. 43]; *People* v. *Simon*, 45 Cal.2d 645, 650 [290 P.2d 531]; *People* v. *West*, 144 Cal.App.2d 214, 220-221 [300 P.2d 729].) Where reasonable under the circumstances, an officer may run his hands over a person's clothing to protect himself from attack with a hidden weapon. (*People* v. *Simon*, *supra*, p. 650.) Unexplained possession of unusual articles usable in commission of crimes, which naturally attract attention, occurring on public streets late at night, may make reasonable a more intensive search, as here indicated. (*People* v. *Jackson*, 164 Cal.App.2d 759 [331 P.2d 63]; *People* v. *Ambrose*, 155 Cal.App.2d 513 [318 P.2d 181]; *People* v. Murphy, 173 Cal.App.2d 367, 377 [243 P.2d 273].)

Here, the defendant was concealing a stocking cap altered so it could be used as a mask in the commission of a crime. He was unable to produce identification and refused to state whether he was armed. Under the circumstances, it

was reasonable for the officer, in the manner indicated, to determine whether he was carrying a weapon. ▮▮ *People* v. *Murphy*, 173 Cal.App.2d 367, 377 [243 P.2d 273] holds:

" 'Police officers are guardians of the peace and security of the community and are concerned with criminals in a complex society—— ". . . and the efficiency of our whole system, designed for the purpose of maintaining law and order, depends upon the extent to which such officers perform their duties and are faithful to the trust reposed in them. Among the duties of police officers are those of preventing the commission of crime, of assisting in its detection, and of disclosing all information known to them which may lead to the apprehension and punishment of those who have transgressed our laws. . . . It is for the performance of these duties that police officers are commissioned and paid by the community. . . ." (*Christal* v. *Police Com.*, 33 Cal.App.2d 564, 567 [92 P.2d 416].)' "

There was substantial evidence to support the jury's verdict and it must be upheld. (*People* v. *Caritativo,* 46 Cal.2d 68, 72 [292 P.2d 513]; *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].) No prejudicial error appears. The attorney general, in a complete analysis of the evidence and recitation of the law involved, has reached the same conclusion in a memorandum filed in lieu of a brief.

Judgment affirmed.

Mussell, J., and Shepard, J., concurred.