Joseph A. Sarafite, J.
The defendant was indicted for criminally carrying concealed a loaded pistol. He moves for the suppression of evidence allegedly obtained by an illegal search and seizure. Testimony was taken and the court finds the facts as stated herein.
At 1:30 a.m., on May 25,1962, a detective of the New York City Police Department was on motor patrol in an unmarked car with two other detectives. The tenement area which they patrolled had a history of crimes of violence. While seated in the automobile he observed the defendant and another man standing on a corner. He watched them for about five minutes, during which time they paced back and forth along the sidewalk, occasionally looking into the window of a bar and grill. The street was not deserted, as there was an open sidewalk stand on the corner. The defendant looked in the direction of the car and said something to his companion, whereupon they both started walking rapidly in the opposite direction. Having made these observations, the detective got out of the car, approached the two men and said to them: “ This is the police. Hold it.” Both men stopped walking. Without saying anything further, he approached the defendant and conducted a ‘ ‘ frisk, ’ ’ that is, he patted the outside of the defendant’s clothing. He felt a hard object which seemed to be a weapon in defendant’s rear pocket, and removed from that pocket a fully loaded pistol. A further *587 search of defendant’s pockets revealed four shells. It is these objects which the defendant seeks to suppress.
The People concede and the court finds that at the time the detective made the frisk he had no probable cause to arrest the defendant. The defendant concedes that under the circumstances, the detective had the right to detain him for questioning. For present purposes, the court will assume without deciding that this is so. The question presented here, then, is whether a weapon discovered by a police officer as the result of a frisk of a person whom he has seen acting suspiciously and is lawfully about to question, but for whose arrest there is no probable cause, is admissible against that person upon his trial for possession of that weapon, or whether it must be suppressed as the product of an unreasonable or illegal search and seizure. No legislation on this subject has been enacted, and the legality of a frisk under such circumstances has apparently never been decided in New York.
In opposing the motion to suppress, the People contend (1) that although it is a search, a frisk is a special and limited kind of search, for which this State should provide special rules, as at least one other State has done; (2) that a frisk made without probable cause to arrest is not illegal under New York law; and (3) that even if a frisk is illegal under New York law, it is not unreasonable under the Fourth Amendment and therefore, Mapp v. Ohio (367 U. S. 643 [1961]) does not require the exclusion of evidence obtained thereby. The defendant, on the other hand, contends that although a police officer may lawfully question a person whom he has seen acting suspiciously, he may not conduct a search or frisk before he has probable cause to make an arrest. If he does so, his frisk is both illegal and unreasonable, and any evidence obtained thereby is inadmissible in criminal prosecutions in New York. It is clear, of course, that the fact that a gun was discovered does not mean that the search which produced it was either legal or reasonable, for a search “is good or bad when it starts and does not change character from its success ’ ’ (United States v. Di Re, 332 U. S. 581, 595 [1948], quoted in People v. Loria, 10 N Y 2d 368, 373 [1961] and People v. O’Neill, 11 N Y 2d 148,153 [1962]).
In support of their first contention, the People argue that a frisk is a search with limited and special purposes, and that when, as here, a police officer is justified in detaining a suspect for purposes of questioning, he may legally conduct a frisk in order to determine whether the suspect has a concealed weapon which might jeopardize the officer’s safety. They contend that a frisk is not a search for evidence, but a protective measure *588 essential to the safety of a policeman lawfully performing his duty. They further argue that California courts, which have excluded evidence obtained by illegal searches since the decision in People v. Cahan (44 Cal. 2d 434 [1955]), nevertheless admit evidence obtained by a limited frisk for dangerous weapons, even though no grounds for arrest existed before the frisk took place. In support of this proposition they cite People v. Martin (46 Cal. 2d 106 [1956]) and People v. Jones (176 Cal. App. 2d 265 [1959]). These cases, however, were decided prior to the Mapp ease, and at a time when California, having voluntarily adopted the exclusionary rule, need not have applied it to the extent now required. Moreover, in 1958, California enacted a statute which authorizes frisking where adequate grounds for arrest exist even though no arrest has been made (Cal. Penal Code, § 833). This statute “ casts some doubt upon earlier California cases which held that frisking was proper in some circumstances where grounds for arrest,did not exist.” (Remington, The Law relating to “ On the Street ” Detention, Questioning, and Frisking of Suspected Persons and Police Arrest Privileges in General, 51 J. Crim. L., 386, 392, n. 40 [1960].) It is also important to note that in the cases cited by the People, and in other California cases, the grounds upon which the police acted were far stronger than they are in this case. In any event, whatever special rules may have been adopted in California, this case must be decided according to the laws of New York. And if special rules are to be adopted for this State, their adoption is not within the province of this court.
Second, the People argue that a frisk conducted without probable cause to arrest is not illegal in New York. However, the Court of Appeals has stated that: “ The basic principle is this: Search of the person is unlawful when the seizure of the body is a trespass, and the purpose of the search is to discover grounds as yet unknown for arrest or accusation * * *
Search of the person becomes lawful when grounds of arrest and accusation have been discovered, and the law is in the act of subjecting the body of the accused to its physical dominion” (People v. Chiagles, 237 N. Y. 193, 197 [1923]; emphasis added). Although the purpose of a frisk is not to obtain evidence, it does take place before grounds for arrest have been discovered and thus, as long as the principle stated in the Chiagles case remains the law, constitutes an illegal search.
Finally, the People argue that even if a frisk is illegal in New York, it is not unreasonable under the Fourth Amendment since it is a temporary and minor inconvenience to the suspect which is necessary for the safety of police officers performing *589 their duties for the protection of the community as a whole. Evidence obtained by a frisk, the People urge, need not be excluded, since the Mapp case requires exclusion only of evidence obtained by unreasonable searches. However, even if the People’s distinction between illegal searches and unreasonable searches is a valid one, it will not aid the People’s argument, for the Court of Appeals has ruled that it will hold inadmissible the product of an illegal search (People v. Caliente, 12 N Y 2d 89 [1962]). It also appears that a frisk conducted without probable cause for arrest is unreasonable as well as illegal. Thus far, .the Court of Appeals has stated that a search is reasonable if conducted by consent, or under a warrant, or incident to a lawful arrest. (See People v. Loria, 10 N Y 2d 368, supra; People v. O’Neill, 11 N Y 2d 148, supra.) A frisk made without probable cause to arrest does not fall into any of these categories. It is quite likely that other types of searches may, from time to time, be considered reasonable, but, as in the Federal courts, they will most probably be justified by the doctrine of “ exceptional circumstances.” (See Johnson v. United States, 333 U. S. 10 [1948].) That doctrine has no application to the facts of this case.
An analysis of the Chiagles, Loria, O’Neill and Caliente cases (supra) leads to the conclusion that, under the present .state of the statutes and decisions in New York, a frisk of a suspect prior to the existence of probable cause to make an arrest, however necessary and desirable it may be for the protection of the police, is a search which is both illegal and unreasonable. Evidence obtained thereby is therefore inadmissible in criminal prosecutions in New York.
The motion to suppress is granted.