Argued November 6, affirmed December 16, 1964

## CORKUM *v.* LENSKE
397 P. 2d 542

*William B. Murray,* Portland, argued the cause and filed briefs for appellant.

*Reuben G. Lenske,* Portland, argued the cause and filed a brief pro se.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell and Lusk, Justices.

SLOAN, J.

Plaintiff's complaint alleged that defendant had converted to his own use money which defendant had held for plaintiff in a fiduciary capacity. Defendant answered with a plea in abatement which alleged that the same subject matter was included in a suit for accounting which plaintiff had previously filed against defendant and other related parties. The trial court, after a hearing, sustained the plea in abatement and entered a judgment which dismissed this action. Plaintiff appeals from that judgment.

■ Plaintiff contends that the plea of abatement should not be sustained because the parties were not the same. It could not be denied that the money claimed in this action was included in the suit for accounting. The difference in parties was nominal only.

■■ The suit for accounting, if properly plead, not only would, but must have, included "* * * an examination of all business relations between the parties." *Turner et al v. McDaniel,* 1952, 194 Or 595, 599, 600, 243 P2d 273. It has been held that a suit for an accounting and general equitable relief may, in given circumstances, provide the best procedure for determining a claim for conversion. *Fur & Wool Trading Company v. Fox,* 1927, 245 NY 215, 156 NE 670, 58 ALR 181. We are at a loss to understand why the suit for accounting has been so long delayed, as the record reflects that it has been. That suit would and should settle all of the rights of the parties.

■ Plaintiff also contends that this case should have been submitted to a jury. The issues in the case were

questions of law. There would have been nothing for a jury to decide. We do not decide when, if ever, the constitutional requirement compels jury determination of factual questions presented by a plea in abatement.

The judgment in this action is affirmed.