Argued September 12, affirmed September 20, 1967

# NIELSEN, *Respondent, v.* FERRENBURG, *Appellant.*

431 P. 2d 841

*Donald C. Walker,* Portland, argued the cause for appellant. With him on the brief was James F. Lonergan, Portland.

*Jack H. Cairns,* Portland, argued the cause and filed the brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and WOODRICH, Justices.

WOODRICH, J. (Pro Tempore)

This is a suit for an accounting arising out of a loosely structured joint venture; or series of joint ventures, between plaintiff and defendant. The defendant appeals from a decree denying defendant any recovery from a transaction involving the purchase and later sale of a Mack truck and a low-boy trailer.

In the spring of 1962, plaintiff and defendant began a series of joint ventures wherein they from time to time purchased heavy equipment for resale. In or near the month of December, 1962, the relationship between plaintiff and defendant terminated and the parties were unable to agree as to the sharing of profits on several transactions. This accounting suit followed. The trial court resolved the disputes as to each transaction in its decree. One such transaction involved the

purchase and later sale of the Mack truck and low-boy trailer in question. Defendant contends that the trial court was in error in failing to award him credit for damages arising from the plaintiff's claimed conversion of the Mack truck and low-boy trailer.

The trial court found that the disputed property belonged to the joint venture, and upon the sale thereof "* * * defendant would be entitled to recover one-half of the profit, but there has been no satisfactory evidence that plaintiff made any profit, hence, no recovery."

Defendant contends that the preponderance of the evidence proved: that the truck and trailer were purchased for $7,250; that plaintiff retained possession of the truck and trailer for six months after the dissolution of the joint venture; that plaintiff denied defendant's interest in the equipment; that plaintiff exercised exclusive dominion over it; that it was worth $12,500 at the time of plaintiff's claimed "taking." Defendant argues he should have been awarded one-half of the difference between the purchase price and the reasonable value of the equipment at the time of the claimed "taking," or $2,625.

■■ While it is not proper in an equity suit to plead a legal counterclaim, in a suit for an accounting the facts which constitute conversion may support a claim for the reasonable value of the improper use of disputed property. *Glaser et al v. Slate Const. Co.,* 196 Or 625, 251 P2d 441 (1952); *Corkum v. Lenske,* 239 Or 290, 397 P2d 542 (1964). However, it is apparent from the answer that the defendant has not undertaken to plead either. Defendant's answer to plaintiff's complaint for an accounting is as follows:

"Comes now the defendant and in answer to

plaintiff's Complaint, admits, denies and alleges as follows:

"I.

"Defendant denies that there was any partnership arrangement and/or agreement between the parties, but does admit that the parties had an understanding between them that on certain items of equipment which was purchased by the parties for resale that the parties would split the net gain after the deduction of all costs, including the expenses of sale.

"II.

"Defendant alleges that he has more than paid to the plaintiff all sums of money due and owing to said plaintiff and that a further accounting is necessary between the parties to ascertain what the plaintiff owes to the defendant because of the following equipment which was bought and sold pursuant to their agreement:

"(1)  Lima Shovel sold to Farber and Pickett Logging Company;

"(2)  Mack Truck and low bed trailer sold to O. H. Hall;

"(3)  Lorraine Shovel sold to O. H. Hall;

"(4)  T-D 24 Tractor sold by plaintiff at Albany, Oregon;

"(5)  Proceeds of sale of a Rudamatic Tag Line sold by the plaintiff.

"III.

"Although the defendant has on numerous occasions requested the plaintiff to account for the proceeds of sales due and owing to the defendant, the plaintiff has refused to do so or to pay any portion thereof.

"WHEREFORE, defendant prays that plaintiff's claim be dismissed and that after an accounting of the transactions between the parties shall be had that the defendant have judgment against the

plaintiff for any sums further due and owing to the defendant, together with interest at six percent (6%) per annum and for his costs and disbursements incurred herein."

■ It is a far different thing to account for the proceeds of a sale, as defendant's answer sought, than to respond to a claim of conversion or improper use. Plaintiff would be entitled to notice through the pleadings of such a claim so that he could adequately prepare for trial. The issue of conversion or improper use, not having been raised in the answer was not properly before the trial court.

■ The issues framed by the pleading sought an accounting for the respective share of net gain of each joint venturer. The undisputed testimony of plaintiff was that the equipment was sold for $6,750, $500 less than the purchase price. The preponderance of the evidence sustains the trial court's finding that there was no net gain on the disputed transaction.

■■ Assuming, *arguendo,* that defendant's conversion claim was properly before the trial court another fatal defect exists. Defendant would have to prove that plaintiff's possession of the equipment was wrongful. *Hart v. Oregon Laundry Co.,* 91 Or 324, 178 P 932 (1919); *Gowin v. Heider,* 237 Or 266, 386 P2d 1, 391 P2d 630 (1963). If plaintiff had a right to possess the equipment in the manner and for the time he did in fact possess it prior to sale, he would not be guilty of conversion in an accounting suit. Plaintiff's right to possess and use joint-venture equipment would depend on the terms of the joint venture agreement. At trial, the evidence concerning the specific terms of the joint venture agreement was most meager. The defendant failed to prove that plaintiff's use of the equipment

for the length of time and in the manner he did was a breach of the joint venture agreement. The evidence also fails to show that defendant was entitled, under the agreement, to compensation for plaintiff's use of the equipment.

Affirmed.