628

[Crim. No. 12301.   Second Dist., Div. One.   July 1, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE "NMN" HOLGUIN, JR., et al., Defendants and Appellants.

Lawrence F. Newman, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas Kerrigan, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is a consolidated appeal from judgments of conviction of possessing marijuana.

In an information filed in Santa Barbara County on February 24, 1966, defendants were jointly charged with the possession of marijuana on or about February 9, 1966, in violation of the provisions of section 11530 of the Health and Safety Code. Each of the defendants pleaded not guilty. Pursuant to proper motions separate trials were had for each of the defendants. Lujan waived a trial by jury. Holguin had a jury trial. Each was found guilty as charged in the information. Probation was denied in each case and each was sentenced to the state prison for the term prescribed by law. Timely notices of appeal were filed.

A résumé of some of the facts is as follows: Officers Sanchez and Warnke were patrolling the streets of Santa Maria in a police patrol car at about 11:15 p.m. The street in question was dark and as the officers drove their car they observed a car parked in front of a vacant lot or field. They decided to investigate and made a U-turn and stopped behind the parked 1954 Chevrolet car. It appeared that there were two persons in the parked car and the windows were fogged. White lights from the police car were turned onto the parked car and Officer Sanchez approached the driver's side. The person seated on the driver's side of the car (who later was determined to be Holguin) appeared to be pounding upon the inside of the car door. The officers also observed that the car seemed to be full of smoke. Holguin opened the door of the car and the officer noted that the smoke in the car seemed to be marijuana smoke. One of the officers asked Holguin what his business was and he indicated that Lujan, the passenger in the car lived nearby and they were about to drive to his house. Officer Sanchez examined Holguin's operator's license, asked each of the defendants to step out of the car and directed both defendants to place their hands upon the roof of the car, that the officers were going to conduct a "pat down search." Holguin thereupon started to remove certain items from his pockets and to place some of them onto the car. He was directed to keep his hand out of his pockets and one of the officers placed defendant Holguin's hands onto the top of the car. Holguin turned, struck Officer Sanchez and said, "You don't have a

search warrant to search me." A short struggle ensued and Holguin dropped a bottle onto the street. Lujan picked up the bottle and threw it into the vacant property. Officer Sanchez looked for and found the bottle which contained some pills and a marijuana cigarette. Lujan after being fully advised of his constitutional rights stated that he saw Holguin drop the bottle and that he, Lujan, had picked it up and thrown it.

Appellants now assert that there was no justification for the officers to "accost" them, that there was no reasonable ground or cause for the officers to believe that Holguin had possession of any dangerous weapon which would authorize a search for a weapon and that there was no probable cause to make an arrest.

█ "Police officers under certain circumstances have the right to make inquiry in a proper manner of persons on the public streets at night." (*People* v. *Jones,* 176 Cal.App.2d 265, 267 [1 Cal.Rptr. 210].) █ Here it was late at night on a dark street and the officers saw two figures in a car parked in front of a vacant field. The windows of the car were fogged. (See `People* v. *Brajevich,* 174 Cal.App.2d 438, 444 [344 P.2d 815] ; *People* v. *Jackson,* 164 Cal.App.2d 759, 761 [331 P.2d 63] ; *People* v. *Blodgett,* 46 Cal.2d 114, 117 [293 P.2d 57] ; *People* v. *Martin,* 46 Cal.2d 106, 108 [293 P.2d 52].) The officers thought it was prudent and reasonable to investigate the situation under the circumstances and we see nothing wrong or unreasonable in that course of conduct.

Appellants complain that after the officers smelled what seemed to be marijuana smoke they were asked to remove themselves from the car and subjected to a "pat down" search. █ "Where reasonable under the circumstances, an officer may run his hands over a person's clothing to protect himself from attack with a hidden weapon." (*People* v. *Jones, supra,* 176 Cal.App.2d 265, 267.) This court takes notice of the fact that many officers have been killed by suspects who turned and fired upon the officers when they were stopped for investigation. Indeed, although apparently the officers did not know of it at the time, our record discloses that each of the appellants was on an active parole at the time of the commission of the offense and arrest. Holguin had been convicted of armed robbery in 1963 and was paroled in January 1965. In July 1965 he was convicted of drunk in auto and was placed on summary probation. Lujan was charged with burglary in 1966 which charge was reduced to petty theft and failure to provide in February 1966, and was on summary probation at the time of the offense presently before us.

It is evident from the record that Holguin was attempting to get rid of the marijuana when the "pat down" started and that contrary to instructions he reached into his pockets and got rid of the container and marijuana and that Lujan then threw the container into the vacant field.

There is no merit to any contention of either appellant.

The attempted appeals from the "verdicts of guilty" and the "order denying probation" are and each is dismissed.

The judgments are and each is affirmed.

Wood, P. J., and Lillie, J., concurred.