[Crim. No. 7064.   Second Dist., Div. Three.   Feb. 25, 1960.]

THE PEOPLE, Respondent, v. DE FOREST WILSON COVAN, Appellant.

De Forest Wilson Covan, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—In a court trial, De Forest Wilson Covan was found guilty of an offense of possessing heroin and an offense of possessing marijuana and he appeals from the judgment.

Roy M. Jones, a Los Angeles County Sheriff's Deputy, was the chief witness for the People. The following is the substance of his testimony. Upon receiving information from a confidential informant that Covan was "capping," Jones and three other deputies went to appellant's home. Jones looked through a side window into the sunken dining room and ob-

served appellant and another man sitting at a table directly in front of the window; there were scissors, balloons, gelatin capsules and a quantity of a white powder on the table; appellant was facing the window; he was filling the capsules with powder; in the opinion of the deputy, based on many years' experience in conducting narcotics investigations, appellant was "capping" or preparing heroin for distribution or dosage. The deputies broke into the house and placed Covan under arrest. They searched his person and found heroin and marijuana. Appellant admitted to the deputies that the narcotics were his; he was planning to use the marijuana and sell the heroin. When asked on cross-examination to reveal the source of the information he received, Jones refused to answer upon the ground that the name of his informant was privileged. Appellant's counsel then moved to strike the deputy's testimony and the motion was denied by the court.

Covan took the stand to deny his guilt but it is not contended on the appeal that the evidence was insufficient to support the convictions. Appellant argues that the court should have ordered disclosure of the name of Jones' informant and that the contraband was obtained through an unlawful search and seizure. The arguments are without merit.

■ Where the prosecution seeks to show probable cause for an arrest and search by testimony as to communications from an informer, the identity of the informer must be disclosed when the defendant seeks disclosure or such testimony must be stricken on proper motion of the defense. (*Priestly* v. *Superior Court*, 50 Cal.2d 812, 819 [330 P.2d 39].) ■ But disclosure may not be required where there was probable cause apart from the informer's communications. (*People* v. *Williams*, 51 Cal.2d 355, 359 [333 P.2d 19].)

■ In our opinion, probable cause for the arrest was shown by Jones' testimony as to appellant's activities inside the house, which clearly warranted the deputy in a belief that Covan was committing a felony. ■ What Jones observed by looking through the window was not the product of an illegal search. (*People* v. *Hen Chin*, 145 Cal.App.2d 583, 586 [303 P.2d 18], and cases cited.) ■ Nor was it unlawful for the deputies to force entry into the house without first demanding admittance and explaining the purpose for which admittance was desired. (Pen. Code, § 844.) The officers were not required to warn appellant of their presence and purpose when the only narcotic they saw was the white powder that might have been disposed of before the officers

could seize it. (*People* v. *Maddox,* 46 Cal.2d 301 [294 P.2d 6] ; *People* v. *Morris,* 157 Cal.App.2d 81 [320 P.2d 67].)

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 20, 1960.