[Crim. No. 13410.   Second Dist., Div. One.   Dec. 20, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. LOUIS A. HONEA, Defendant and Appellant.

Louis A. Honea, in pro. per., and Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Michael H. Fabian, Deputy Attorneys General, for Plaintiff and Respondent.

LILLIE, J.—Count I of the information charged David J. Robertson with sale of heroin on May 14, 1966 (§ 11501, Health & Saf. Code), to which he pleaded guilty. In count II, Louis A. Honea was charged with sale of heroin on May 16, 1966 (§ 11501, Health & Saf. Code), and in count III, Robertson, Honea and Helen Elsie Rhine were charged with possession of heroin for sale on May 17, 1966 (§ 11500.5, Health & Saf. Code). Rhine and Honea were tried together; the cause was submitted on the transcript of the testimony taken at the preliminary hearing. The court found Honea guilty of possession of heroin for sale on May 17, 1966, (count III), dismissed count II (sale of heroin) and found Rhine not guilty on count III. The allegation of a prior felony conviction (§ 11501, Health & Saf. Code) was found to be true. Honea appeals from the judgment.

During May 1966 Officer Farrar obtained information from a reliable informant that Honea and two other persons were selling narcotics; thereafter he monitored several calls made by the informant to a telephone located in the apartment of Honea, Robertson and Rhine. Through these calls the officer made arrangements to purchase heroin; as a result, on May 14, 1966, he purchased heroin from Robertson, and on May 16,

1966, bought heroin from Honea. While the trial judge found that the guilt of Honea on count II (sale of heroin) had been "amply established," he dismissed count II in the "exercise" of his "discretion."[1]

On May 16, 1966, the officer obtained a search warrant authorizing a search of the apartment at 1561 West 203d Street for narcotics, and a search of the three suspects (Robertson, Honea and Rhine). Around 10 p.m., on May 17, 1966, Officer Farrar and several other officers went to the apartment; they waited fifteen minutes until Honea returned and entered. Officers went to the front and side doors of the apartment. Officer Farrar knocked on the front door and "yelled out loudly" that they were police officers. They waited 30 to 40 seconds and no one opened the door; during this time he heard activity and running noises inside the apartment. The officer "thought they were probably destroying evidence" and forced the door. As they entered they saw Honea run down a hallway; he locked himself in the bedroom. The officers had their badges out and identified themselves to Mrs. Rhine and stated that they were police officers and had a search warrant. They then forced the door to the bedroom and found Honea standing next to the bed under which a balloon containing half a gram of heroin and another containing 15 grams were concealed. The three defendants were advised of their constitutional rights, arrested and searched. Found in Honea's wallet was another half gram of heroin. On a coffee table in an ash tray in the living room was a cellophane package containing three outfits. In the bedroom was a can of Dextri-maltose, used to "cut" heroin. While the officers were in the apartment the telephone rang continuously; Officer Farrar answered one of the calls and the caller attempted to make a purchase of heroin. The search warrant was not introduced in evidence.

Honea offered no defense and did not testify.

■■■■ In a general statement that he was denied "effective representation by counsel" appellant claims that his attorney failed to object to Officer Farrar's testimony relative to the contents of the warrant as a violation of the best-evidence rule, to point out that there was no proof that the warrant

---

[1] "THE COURT: I think his guilt of actually both counts is amply established. However, I think it would be an injustice to convict him of both counts when the sale is so closely incident to the possession, and in the exercise of my discretion I am going to dismiss Count II, which is equivalent to a finding of not guilty, . . . But I do find him guilty of Count III, possession for sale."

authorized service at night and to object "to an apparently unlawful search or seizure" which "may" have deprived him of a vital defense.

The burden of proving lack of effective counsel is on appellant (*People* v. *Robillard*, 55 Cal.2d 88, 99 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086]) and he must establish his claim " 'not as a matter of speculation but as a demonstrable reality.' " (*People* v. *Crooker*, 47 Cal.2d 348, 353 [303 P.2d 753].) To justify such a claim an extreme case of counsel's lack of diligence or competence must appear to have reduced the trial to a "farce or a sham." (*People* v. *Ibarra*, 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487]; *People* v. *Hughes*, 57 Cal.2d 89, 99 [17 Cal.Rptr. 617, 367 P.2d 33]; *People* v. *Robillard*, 55 Cal.2d 88, 96-98 [10 Cal. Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086]; *People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457].)

"The best criterion of the competency, care and alertness of the attorney referred to is the record in the case." (*People* v. *Ives*, 17 Cal.2d 459, 477 [110 P.2d 408].) We have examined the transcripts of the testimony taken at the preliminary hearing and at the trial. Appointed counsel represented Honea at the preliminary hearing; he cross-examined the two prosecution witnesses extensively, tried to establish a defense and moved to dismiss count III on the ground that there was no evidence that Honea had possession or knowledge of the narcotic. Inasmuch as the People's witnesses clearly established not only the prior sale of heroin by Honea to Officer Farrar, but Honea's possession of the narcotic under circumstances indicating the same was for sale, the motion was denied. At the trial Honea was represented by a deputy public defender. While he offered nothing on Honea's behalf and Honea did not testify, it is apparent that Honea had no defense; it is further apparent that it was the overwhelming evidence of guilt that caused Honea's conviction, not a lack of competence on the part of his counsel. At this point it should be noted that the absence of a defense at the trial was the result, not of a lack of diligence of counsel, but of an informal promise obtained through counsel's efforts from the trial judge to find Honea guilty on only one count and dismiss the other.[2] Since the evidence overwhelmingly

[2]Prior to the submission of the cause on the transcript of the testimony taken at the preliminary hearing, the deputy public defender, faced with evidence that unerringly pointed to the guilt of his client on both counts and no defense, had an informal discussion with the trial judge wherein

points to the guilt of Honea on both counts and Honea was then "on parole for which he owes three years," it was his good fortune that his counsel was able to obtain for him a dismissal of count II. Further, the record shows that at the probation hearing, realizing the extent of Honea's criminal record and his parole status, his counsel argued his request that the judge either make no finding on the two prior felony convictions alleged or find that the allegations of the priors were not true; as a result, the trial judge found only one of the allegations to be true. This is simply a case of a defendant, already on parole and who had no defense to the charges, and his attorney making every effort to prevent imposition of a longer sentence. ■ During the preliminary hearing and the trial, Honea made no complaint or protest indicating that he was dissatisfied with his counsel. The fact that he waived a jury trial and submitted the cause on the testimony taken at the preliminary hearing indicates that he knew of no adequate defense. Now he may believe that his choice of strategy was a mistake but this does not establish his claim of denial of effective counsel. (*In re Rose,* 62 Cal.2d 384, 390-391 [42 Cal.Rptr. 236, 398 P.2d 428]; *People* v. *Wein,* 50 Cal.2d 383, 411 [326 P.2d 457].) The fact is that through the effectiveness of his attorney count II was dismissed and only one allegation of a prior felony conviction was found to be true. Had Honea felt that his counsel was not adequately representing him, he should have complained to the trial court and given it an opportunity to correct the situation. In the absence of such objection, the acts of his counsel are imputed to him. (*People* v. *Monk,* 56 Cal.2d 288, 299 [14 Cal.Rptr. 633, 363 P.2d 865].)

■ Appellant now claims that his counsel should have objected to the oral testimony relative to the contents of the search warrant and pointed out to the court that there was no evidence that the search warrant could be served at night. It is apparent from a reading of the reporter's transcript that all counsel were satisfied with the validity of the warrant. Honea's counsel and the public defender representing Mrs. Rhine at the preliminary hearing, and their new counsel at the trial had ample opportunity to attack the search warrant and demand the production of the same (see *People* v. *Butler,*

the latter indicated he would find Honea guilty on count III of possession of heroin for sale. This is reflected in the judge's statement in open court at the time of sentence, ". . . I will state this for the record, that the matter was submitted on the transcript of the testimony of the preliminary. There was some evidence presented as well, I recall, but I had indicated that based upon such submission that I would find the Defendant guilty of the possession for sale rather than the sale count."

64 Cal.2d 842, 846 [52 Cal.Rptr. 4, 415 P.2d 819]) but chose not to do so; we can only assume that each was satisfied with the validity of the warrant. In the absence of objection thereto, the testimony of Officer Farrar constitutes proof of the validity of the warrant and its service at night. Had the objection appellant now makes been interposed in the trial court, it could easily have been cured by requiring the prosecution to offer in evidence the search warrant. (*People* v. *Modell,* 143 Cal.App.2d 724, 730-731 [300 P.2d 204].) ▮ The objection that the best-evidence rule was violated cannot be raised by the appellant for the first time on appeal. (*People* v. *Stewart,* 189 Cal.App.2d 176, 179 [10 Cal.Rptr. 879].)

▮ Finally, appellant claims that the forcible entry to the apartment violated section 1531, Penal Code, which provides that to execute a search warrant "[t]he officer may break open any outer or inner door or window of a house . . . if, after notice of his authority and purpose, he is refused admittance." Respondent submits that compliance with this section was excused under *People* v. *Maddox,* 46 Cal.2d 301 [294 P.2d 6]. The same contention was made in *People* v. *Gastelo,* 67 Cal.2d 586 [63 Cal.Rptr. 10, 432 P.2d 706]. Said the court at page 587: "In *Maddox,* we held that compliance with the substantially identical notice requirements of Penal Code, section 844 for making arrests was excused, if the facts known to the officer before his entry were sufficient to support his good faith belief that compliance would have increased his peril or frustrated the arrest. Later cases have included the prevention of destruction of evidence as an additional ground for non-compliance with section 844. (*People* v. *Covan* (1960) 178 Cal.App.2d 416 [2 Cal.Rptr. 811]; *People* v. *Morris* (1958) 157 Cal.App.2d 81 [320 P.2d 67].) *Ker* v. *California* (1963) 374 U.S. 23 [10 L.Ed.2d 726, 83 S.Ct. 1623] approved the principle of these cases under Fourth Amendment standards of reasonableness. The same principle supports similar exceptions to the requirements of section 1531." However, in *Gastelo* the police neither knocked, announced themselves or their purpose nor demanded entrance prior to forcing entry; they forced both doors while defendant was asleep, and the officers pulled him from the bed. (P. 587.) The only justification for their unannounced forcible entry was the Attorney General's assertion of the "general propensity of narcotics violators to destroy evidence when confronted by police officers," and the court found the officers' entry to be unlawful. (P. 589.) In the instant case before the officers arrived

at the premises, Officer Farrar knew that the occupants of the apartment were arranging sales of narcotics by telephone from there, and had actually purchased heroin from two of the occupants, Honea and Robertson; these activities gave the officer reasonable cause to believe that contraband was in the apartment. When the officers arrived Farrar knocked on the door and ''yelled'' loudly that they were police officers; after waiting thirty to forty seconds during which no one opened the door and they heard activity and running noises inside the apartment, he had good reason to and did believe that the occupants were in the process of destroying evidence. The facts known to officer Farrar before forcing his entry were sufficient to support his good faith belief that compliance with section 1531, Penal Code, would have permitted the destruction of evidence before the officers could enter the room. The contraband was susceptible to destruction in a matter of seconds. (*People* v. *Rosales,* *(Cal.App.) 61 Cal.Rptr. 170.)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 14, 1968.

---

*A hearing was granted by the Supreme Court on September 27, 1967. The opinion of that court, rendered February 28, 1968, is reported in 68 Cal.2d —— [66 Cal.Rptr. 1, 437 P.2d 489].