**STATE of Missouri, Respondent,**

v.

**John Michael GOTT and Donald Wade Cunningham and Gary McDonald Davila, Appellants.**

**No. 54722.**

Supreme Court of Missouri, Division No. 2.

July 13, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Wear, Wear & Coffman, William A. Wear, (for Gary McDonald Davila), Paul R. Coffman, Springfield, (for Donald Wade Cunningham and John Michael Gott, defendants).

STOCKARD, Commissioner.

Defendants were jointly charged with the unlawful possession of marijuana in violation of § 195.020 RSMo 1959, V.A.M.S., and after expressly waiving trial by a jury they were tried before and found guilty by the court. Each was sentenced to confinement in the county jail for one year, and then placed on parole.

Upon this appeal there is no contention that defendants were not guilty of the crime charged. The only contention is that the evidence against them was obtained as the result of an unlawful search and seizure. This issue was ruled in the trial court adversely to defendants after a pre-trial hearing on their motion to suppress.

On the evening of November 29, 1968, Sergeant Kenneth Roach of the Springfield, Missouri police department received a telephone call from a person, known to him but not identified in the transcript, who stated that "an amount of marijuana was being transported to [1839 Lake Shore Drive in Springfield] in a green Mustang and that it should arrive near 7:00 to 7:30" o'clock. The house at that address belonged to the parents of defendant Cunningham, and the other two defendants were guests. Sergeant Roach and some other officers went to that address, arriving about 7:15 o'clock, and although none of them saw a green Mustang automobile, Sergeant Roach and another officer went to the front door and two officers went to the rear of the house. While standing at the front door the officers could look through a window in the door. Sergeant Roach saw defendant Davila rolling an extremely thin cigarette, which "appeared to be possibly of a marijuana substance." He was using a heavier paper than that used on a "common rolled cigarette." Sergeant Roach then knocked on the door, it was opened by defendant Gott, and the defendants were placed under arrest for the possession of marijuana. The officers had gone to the house because of the information received from the informer, and as stated by Sergeant Roach, he felt he "had the right to go to the door and disc·ss the matter." The decision to make cne arrest was reached because of the activity which was observed through the window of the door. After the arrests were made a search of the immediate room resulted in the discovery of marijuana.

The findings of the trial court included the following: "The police officers did legally go to the front door of the Cunningham residence to discuss the matter on which they had, through the informant, come to have reason to think should be investigated and they went there to investigate. They went there not in secret but to the front door which happened to have a glass in it. * * * The court finds that they did have reasonable belief that they should investigate the matter. * * * The officers did have reasonable and probable cause to believe a felony was being committed in their presence at the time they did look through the window of the front door."

On this appeal defendants contend that the trial court erred in denying their motion to suppress the evidence of the marijuana seized following the arrest of the defendants because (1) "the arresting officers did not have a warrant nor probable cause to either search the premises * * *" nor (2) "did they have a warrant or probable cause to make an arrest and make a search pursuant to such unlawful arrest," and (3) the "search and arrest was the result of information received by the police officers from an unnamed

informer whose reliability was unknown and untested."

The State does not contend that the police officers were entitled to rely on the information received from the unnamed informer as a basis for the arrests, and it concedes that all the defendants had standing to raise the issue of an unlawful search. It does contend that the police officers were entitled to investigate the report from the informer, and in doing so they were lawfully at the front door of the Cunningham house, and while there they observed the activities described, and for that reason had probable cause to believe that a felony was being committed.

■ The arrests in this case were made without a warrant, and the lawfulness of the arrests must be predicated upon probable cause. Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. In determining the issue of probable cause, we agree with the State that reliance need not be placed on the reliability of the unnamed informer, and for that reason we do not review the rulings of those cases cited by defendants which discuss that issue, and which include Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637; Recznik v. City of Lorain, 393 U.S. 166, 89 S.Ct. 342, 21 L.Ed.2d 317; and Castillon v. United States, 9th Cir., 298 F.2d 256.

The issues are whether, as found by the trial court, by reason of the information received from the unnamed informer the police officers could investigate the matter, and if so, whether the observance by them of the activities through the window constituted probable cause for the arrests.

Defendants contend that the police officers were trespassers on the Cunningham property when they stood at the front door and looked through the window, and they rely on such cases as Brock v. United States, 5th Cir., 223 F.2d 681; Hobson v. United States, 8th Cir., 226 F.2d 890; and People v. Terrell, 53 Misc.2d 32, 277 N.Y.S. 2d 926, which hold, in effect, that if the probable cause to make the arrests was obtained as the result of a trespass, a motion to suppress evidence so obtained must be sustained. We do not agree that the police officers were trespassers in this case.

■ The "plain view" doctrine was enunciated in Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067, as follows: "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced into evidence." See also Miller v. United States, 5th Cir., 356 F.2d 63, certiorari denied 384 U.S. 912, 86 S.Ct. 1357, 16 L.Ed.2d 365. This is in accord with the statement in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576, that "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." Numerous cases have held that "looking through a window does not constitute an unreasonable search." People v. Willard, 238 Cal.App.2d 292, 47 Cal.Rptr. 734, and the many cases therein cited. The general rule has been applied to a bathroom window, People v. Willard, supra; a dining room window, People v. Covan 178 Cal.App. 2d 416, 2 Cal.Rptr. 811; a window at the rear of a house, People v. Steffano, 177 Cal.App.2d 414, 2 Cal.Rptr. 176; a window of an automobile, United States v. Grogan, D.C., 293 F.Supp. 45; People v. Wright, 153 Cal.App.2d 35, 313 P.2d 868; and a transom window of a hotel room, People v. Earl, 216 Cal.App.2d 607, 31 Cal.Rptr. 76. As stated in State v. Smith, 37 N.J. 481, 181 A.2d 761, 769, certiorari denied 374 U.S. 835, 83 S.Ct. 1879, 10 L.Ed.2d 1055, the Fourth Amendment does not draw the blinds the occupant could have drawn but did not.

■ We turn now to the issue of whether the police officers were trespassers, as defendants contend, or whether they had a right to be in the position where they could see into the window of the door and observe the activities of defendants.

In Ellison v. United States, 93 U.S. App.D.C. 1, 206 F.2d 476, the police officers sought to question the defendant concerning a burglary, and while on the front porch of his house saw some bottles of medicine and some cigarettes near the house in the yard which had been taken from a drugstore in the burglary. It was held: The "officers were perfectly entitled to go to appellant's door, ring the bell, and inquire as to his whereabouts. They were not trespassers in so doing. Nor were they guilty of any impropriety in allowing their eyes to wander while they were waiting on the porch. * * * There was no intrusion into appellant's privacy. Nor did mere observation constitute a 'search.' If an officer sees the fruits of crime or what he has good reason to believe to be the fruits of crime— lying freely exposed on a suspect's property, he is not required to look the other way, or disregard the evidence his senses bring him." In People v. Wright, 153 Cal.App.2d 35, 313 P.2d 868, the police officer had a warrant for defendant's arrest, and had information that defendant was in a certain automobile. The officer saw the automobile in a driveway and went to it, found the defendant in it asleep, and observed in the back seat some clothing which was removed from the automobile and later found to have been stolen. It was held: "We see no merit in the suggestion that the deputy, in approaching the car closely enough to observe its interior, was a trespasser." In People v. King, 234 Cal.App.2d 423, 44 Cal.Rptr. 500, the facts were remarkably similar to those in this case. There the officers had information concerning a narcotics violation, but not sufficient of itself to justify an arrest and search. They went to defendant's house to investigate, and went onto the porch of the house. By stooping down a little, they could and did look through an adjacent window where they observed a person "rolling green leafy material into cigarette form." It was held that this did not constitute an unreasonable invasion of the privacy of defendants. The porch was open for use by all persons having legitimate business with the occupants, and the conduct of the officers was a reasonable pursuit of their duty to investigate. The court observed that the presence or absence of a window which a person on the porch could see through was a matter within the control of the occupants of the house. In People v. Willard, 238 Cal.App.2d 292, 47 Cal.Rptr. 734, the police received a telephone call that defendant was going to a certain house to obtain some heroin. It was held that although the information held by the police was insufficient to justify an arrest and search, "it did justify them in making an investigation. * * * Indeed it was their duty to investigate." It was further held that it was not unreasonable for the officers to go to the back door of defendant's house, a normal means of access to and egress from the house, where they observed through a window the defendant engaged in a narcotics offense. See also the article entitled, The Fourth Amendment and Evidence Obtained by a Government Agent's Trespass, 42 Neb.L.Rev. 166, and the comment that when a police officer enters upon land in the performance of his duties and observes incriminating evidence, it is not the result of a search, let alone an illegal one, and that "a police officer entering upon the land in performance of his lawful duty is a licensee * * * the license being conferred by law."

In this case the evidence authorized a finding, and the trial court found, that the police officers were at the front door of the Cunningham house by reason of the performance of their duty to investigate the report received by them from the informer. It was while they were at a place where they had a right to be under the circumstances of this case, that without any secretive action on their part they

observed through the window in the door the activity previously described which constituted probable cause to believe that defendants were engaged in the commission of a felony. The findings of the trial court on the motion to suppress were not clearly erroneous, and the motion to suppress was properly overruled.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.